# EXHIBIT A

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Scott J. Ferrell (Bar #202091) / Victoria C. Knowles (Bar # 277231)<br>PACIFIC TRIAL ATTORNEYS, A Professional Corporation<br>4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660<br>TELEPHONE NO.: (949) 706-6464   FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/03/2025 11:38 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By G. Cordon, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 312 N. Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA  90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Hunthausen v. Crocs Retail, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] **Unlimited** (Amount demanded exceeds $25,000) | [ ] **Limited** (Amount demanded is $25,000 or less) | [ ] **Counter** [ ] **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 25STCV09809 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[X] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [X] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two (2)
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 3, 2025

Scott J. Ferrell
(TYPE OR PRINT NAME)        ▶    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hunthausen, et al. v. Crocs Retail, LLC | 25STCV09809 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1.  Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7.  Location where petitioner resides. |
| 2.  Permissive filing in Central District. | 8.  Location wherein defendant/respondent functions wholly. |
| 3.  Location where cause of action arose. | 9.  Location where one or more of the parties reside. |
| 4.  Location where bodily injury, death or damage occurred. | 10.  Location of Labor Commissioner Office. |
| 5.  Location where performance required, or defendant resides. | 11.  Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6.  Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hunthausen, et al. v. Crocs Retail, LLC | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hunthausen, et al. v. Crocs Retail, LLC | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Hunthausen, et al. v. Crocs Retail, LLC | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☑ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Hunthausen, et al. v. Crocs Retail, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>500 El Dorado Blvd, Building 5 |
|---|---|
| CITY:<br>Broomfield | STATE:<br>CO | ZIP CODE:<br>80021 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  04/03/2025

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

1  PACIFIC TRIAL ATTORNEYS
   A Professional Corporation
2  Scott J. Ferrell, Bar No. 202091
   sferrell@pacifictrialattorneys.com
3  Victoria C. Knowles, Bar No. 277231
   vknowles@pacifictrialattorneys.com
4  4100 Newport Place Drive, Ste. 800
   Newport Beach, CA  92660
5  Tel: (949) 706-6464
   Fax: (949) 706-6469
6
   Attorneys for Plaintiff
7

Electronically FILED by
Superior Court of California,
County of Los Angeles
4/03/2025 11:38 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk

8              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

9                       **COUNTY OF LOS ANGELES**

10

11  DREW HUNTHAUSEN, individually and on        Case No. 25STCV09809
    behalf of all others similarly situated,
12                                               **CLASS ACTION COMPLAINT FOR: (1)**
                  Plaintiff,                      **VIOLATION OF CAL. BUS. & PROF. CODE**
13                                               **§ 17501; AND (2) CONSUMERS LEGAL**
           v.                                    **REMEDIES ACT, CAL. CIVIL CODE § 1750**
14                                               **ET SEQ.**
    CROCS RETAIL, LLC, a Colorado entity, d/b/a
15  WWW.CROCS.COM,

16                Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

### I.    NATURE OF ACTION

Defendant advertises fictitious regular prices (and corresponding phantom discounts) on products sold through its website at www.crocs.com (the "Website"). This practice allows Defendant to fabricate a fake "reference price," and present the actual price as "discounted," when it is not.  The result is a sham price disparity that is *per se* illegal under California law.

### II.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over all causes of action asserted herein.

2.    Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States." Indeed, Plaintiff is informed and believes and thereon alleges that Defendant generates a minimum of eight percent of its national Website sales to Californians such that the Website "is the equivalent of a physical store in California." Since this case involves false representations made Defendant's Website and Plaintiff's purchase was made through the Website from within California, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020).

3.    Venue is proper in this County pursuant to California Code of Civil Procedure section 394(b) because some of the class members claims arose in this County.

### III.    PARTIES

4.    Plaintiff  is a citizen of California who purchased a product identified below from Defendant's Website.

5.    Defendant is an online retailer that sells shoes and accessories.

### IV.    FACTUAL ALLEGATIONS

6.    Defendant, through its Website, offers products for sale to California consumers.

7.    Defendant advertises fictitious prices (and corresponding phantom discounts) on such products. This practice allows Defendant to fabricate a fake "reference" price, and present the actual price as "discounted," when it is not.

8.      On January 11, 2025, Plaintiff purchased "Busch Beer X Crocs Classic All Terrain Clog" (the "Product") from Defendant for the "discounted" price of $36.00, which Defendant compared to a "strike-through" reference price of $80.00, after visiting the page shown below:



9.      The reference price described in the preceding paragraph was not the "prevailing market price" in the 90 days preceding the above access date.  Likewise, the advertisement does not "clearly, exactly and conspicuously" state the date upon which the reference price was the prevailing market price.

10.     Indeed, more than 90 days ago, Defendant was offering the exact same Product for a discounted price with a similar "phantom discount" on October 5, 2024, as shown below and as documented by the "Wayback Machine":[1]

---

[1] The "Wayback Machine" is a digital archive of the World Wide Web that allows users to view past versions of websites.  It automatically captures snapshots of webpages at various points in time, and stores them with timestamps.  It is used to determine how a website looked in the past, analyze the evolution of a website, and retrieve information that may no longer be available on the current iteration of a website.  Information retrieved via the Wayback Machine is generally treated as authoritative, subject to proper authentication.  *See United States v. Kieffer,* 681 F.3d 1143, 1154 n.3 (10th Cir. 2012) (holding Wayback Machine downloads properly authenticated).

11.    These pricing and advertising practices reflecting high-pressure fake sales are patently deceptive. They are intended to mislead customers into believing that they are getting a bargain by buying products from Defendant on sale and at a substantial and deep discount. The reference price is, therefore, an artificially inflated price.  In turn, the advertised discounts are nothing more than phantom markdowns.

12.    Plaintiff's counsel routinely monitored the Product's sales price on Defendant's Website in the period between the two dates referenced in the preceding paragraphs, and has confirmed that the Product purchased by Plaintiff was not offered for sale on Defendant's Website primarily at the reference price during that period, such that the reference price was not the "prevailing price" for the Product during the period.

13.    Defendant knows that the prices for the Product are fake and artificially inflated and intentionally uses them in its deceptive pricing scheme on its Website to increase sales and profits by misleading consumers to believe that they are buying products at a substantial discount. Defendant thereby induces customers to buy products they never would have bought—or at the very least, to pay more for merchandise than they otherwise would have if Defendant was simply being truthful about its "sales."

14.    The effectiveness of Defendant's deceitful pricing scheme is supported by longstanding scholarly research. In the seminal article entitled *Comparative Price Advertising: Informative or*

*Deceptive?* (cited in *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013)), Professors Dhruv Grewal and Larry D. Compeau write that, "[b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product." Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?*, 11 J. PUB. POL'Y & MKTG. 52, 55 (1992). Therefore, "empirical studies indicate that, as discount size increases, consumers' perceptions of value and their willingness to buy the product increase, while their intention to search for a lower price decreases." *Id.* at 56.  For this reason, in *Hinojos*, the Ninth Circuit held that a plaintiff making a claim of deceptive pricing (strikingly similar to the claim at issue here) had standing to pursue his claim against the defendant retailer. In doing so, the Court observed that "[m]isinformation about a product's 'normal' price is . . . significant to many consumers in the same way as a false product label would be." *Hinojos*, 718 F.3d at 1106.

15.    Professors Compeau and Grewal reached similar conclusions in a 2002 article: "decades of research support the conclusion that advertised reference prices do indeed enhance consumers' perceptions of the value of the deal."  Dhruv Grewal & Larry D. Compeau, *Comparative Price Advertising: Believe It or Not*, 36 J. OF CONSUMER AFFAIRS 287 (2002). The professors also found that "[c]onsumers are influenced by comparison prices even when the stated reference prices are implausibly high." *Id.*

16.    In another scholarly publication, Professors Joan Lindsey-Mullikin and Ross D. Petty concluded that "[r]eference price ads strongly influence consumer perceptions of value . . . Consumers often make purchases not based on price but because a retailer assures them that a deal is a good bargain. This occurs when . . . the retailer highlights the relative savings compared with the prices of competitors." Joan Lindsey-Mullikin & Ross D. Petty, *Marketing Tactics Discouraging Price Search: Deception and Competition*, 64 J. OF BUS. RESEARCH 67 (2011).

17.    Similarly, according to Professors Praveen K. Kopalle and Joan Lindsey-Mullikin, "research has shown that retailer-supplied reference prices clearly enhance buyers' perceptions of value" and "have a significant impact on consumer purchasing decisions." Praveen K. Kopalle & Joan Lindsey-Mullikin, *The Impact of External Reference Price on Consumer Price Expectations*, 79 J. OF RETAILING 225 (2003).

18.     The results of a 1990 study by Professors Jerry B. Gotlieb and Cyndy Thomas Fitzgerald, came to the conclusion that "reference prices are important cues consumers use when making the decision concerning how much they are willing to pay for the product." Jerry B. Gotlieb & Cyndy Thomas Fitzgerald, *An Investigation into the Effects of Advertised Reference Prices on the Price Consumers Are Willing to Pay for the Product*, 6 J. OF APP'D BUS. RES. 1 (1990). This study also concluded that "consumers are likely to be misled into a willingness to pay a higher price for a product simply because the product has a higher reference price." *Id.*

19.     The unmistakable inference to be drawn from this research and the Ninth Circuit's opinion in *Hinojos* is that the deceptive advertising through the use of false reference pricing employed here by Defendant is intended to, and does in fact, influence customer behavior by artificially inflating customer perceptions of a given item's value and causing customers to spend money they otherwise would not have, purchase items they otherwise would not have, and/or spend more money for a product than they otherwise would have absent the deceptive advertising

20.     Plaintiff seeks damages and, in the alternative, restitution.  Plaintiff is permitted to seek equitable remedies in the alternative because Plaintiff has no adequate remedy at law.

21.     A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims.  For example, Plaintiff's claim under section 17501 (an equitable claim) is predicated on a specific statutory provision, which prohibits advertising merchandise using a former price if that price was not the prevailing market price within the past three months.  (Cal. Bus. & Prof. Code § 17501.) Plaintiff may be able to prove these more straightforward factual elements, and thus prevail under section 17501, while not being able to prove one or more elements of Plaintiff's legal claim under the Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq.*, seeking damages.

22.     In addition, to obtain a full refund as damages, Plaintiff must show that the Product that Plaintiff bought has essentially no market value.  In contrast, Plaintiff can seek restitution without making this showing.  This is because Plaintiff purchased a Product that Plaintiff would not otherwise have purchased, but for Defendant's representations.  Obtaining a full refund at law is less certain than obtaining a refund in equity.

23.     Finally, legal damages are inadequate to remedy the imminent threat of future harm that Plaintiff faces.  Only an injunction can remedy this threat of future harm.  Plaintiff would purchase either the Product or other products from Defendant again in the future if Plaintiff could feel sure that Defendant's regular prices accurately reflected Defendant's former prices and the market value of the products, and that its discounts were truthful.  But, without an injunction, Plaintiff has no realistic way to know which—if any—of Defendant's regular prices, discounts, and sales are not false or deceptive.  Thus, Plaintiff is unable to rely on Defendant's advertising in the future, and so Plaintiff cannot purchase products that Plaintiff would like to purchase.

## V.     CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this action on behalf of all persons similarly situated, and seeks certification of the following class:

> All persons who purchased one or more of Defendant's products from Defendant's Website while in California within the statute of limitations period at a purported discount from a higher reference price.

25.     The above-described class of persons shall hereafter be referred to as the "Class." Excluded from the Class are any and all past or present officers, directors, or employees of Defendant, any judge who presides over this action, and any partner or employee of Class Counsel.  Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

26.     **Numerosity.**  The Class is so numerous that joinder of all members in one action is impracticable. The exact number and identities of the members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, but Plaintiff is informed and believes, and thereon, alleges that there are at least 50 members of the Class.

27.     **Typicality.**  Plaintiff's claims are typical of those of other members of the Class, all of whom have suffered similar harm due to Defendant's course of conduct as described in this Complaint.

28.     **Adequacy of Representation.**  Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class. Plaintiff has retained attorneys who are

experienced in the handling of complex litigation and class actions, and Plaintiff and Plaintiff's counsel intend to prosecute this action vigorously.

29. **Predominance of Common Questions of Law or Fact.**  Common questions of law and fact exist as to all members of the Class that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary among members of the Class, and which may be determined without reference to the individual circumstances of any member of the Class, include, but are not limited to, the following:

a) Whether, during the Class Period, Defendant advertised false reference prices of its products offered on its Website.

b) Whether, during the Class Period, Defendant advertised price discounts from false reference prices on products offered on its Website.

c) Whether Defendant's deceptive pricing scheme using false reference prices constitutes false advertising in violation of the California False Advertising Law under Business & Professions Code § 17501.

c) Whether Defendant's deceptive pricing scheme using false reference prices violate the CLRA under Civil Code § 1770.

30. **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable.

31. **Ascertainability.**  Defendant keeps computerized records of its sales and customers through, among other things, databases storing customer orders, customer order histories, customer profiles, customer loyalty programs, and general marketing programs. Defendant has one or more databases through which a significant majority of members of the Class may be identified and ascertained, and they maintain contact information, including email addresses and home addresses (such as billing, mailing, and shipping addresses), through which notice of this action is capable of being disseminated in accordance with due process requirements.

## VI.    CAUSE OF ACTION

### FIRST CAUSE OF ACTION

**Violation of California's False Advertising Law**

**Cal. Bus. & Prof. Code § 17501**

32.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

33.    Section 17501 of the Business and Professions Code provides in relevant part that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement."  Cal Bus. & Prof. Code § 17501.

34.    Simply put, section 17501 means that if an item is "on sale" for 90 days or more, the seller is violating section 17501.

35.    Here, the Product was not sold at the higher reference price in the 90 days prior to Plaintiff's purchase of the Product via the Website and Class members' purchases of Defendant's products via the Website.

36.    As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and members of the Class have suffered injury in fact and have lost money.

**<u>SECOND CAUSE OF ACTION</u>**

**Violation of Consumers Legal Remedies Act**

**Cal. Civil Code § 1750 *et seq.***

37.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth hereinafter.

38.    The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with the sale of goods or services to any consumer.  (Cal. Civ. Code § 1770(a).)

39.    The practices described herein, specifically Defendant's advertising and sale of its products, were intended to result and did result in the sale of such products to the consuming public and violated and continues to violate section 1770(a)(13) of the Civil Code by "[m]aking false or misleading statements of fact concerning reasons for, existence of, or, amounts of, price reductions."

40.    Plaintiff is an individual who acquired, by purchase, the Product, which is a good, for personal, family, or household purposes.

41.     Defendant deceived Plaintiff by advertising the price of the Product in a misleading manner contrary to California statutes including section 17501 of the Business and Professions Code.

42.     Defendant made material misrepresentations to deceive Plaintiff and Class members.

43.     In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and Class members. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and Class members, and depriving Plaintiff and Class members of their rights and money.

44.     Defendant knew that the Product's advertising of its price on its Website was misleading and deceptive and the advertising of its other products on its Website was similarly misleading and deceptive.

45.     Defendant's advertising of the Product was a material factor in Plaintiff's decision to purchase the Product.  Based on Defendant's advertising of the Product, Plaintiff reasonably believed that the reference price of the Product purchased by Plaintiff was genuine.  Had Plaintiff known the truth of the matter, *i.e.*, that the reference price of the Product was false or misleading, Plaintiff would not have purchased the Product.

46.     Plaintiff and Class members have suffered injury in fact and have lost money as a result of Defendant's deceptive, unfair, and unlawful conduct.

47.     Prior to the commencement of this action, Plaintiff sent a letter notifying Defendant of the particular wrongdoing that violates the CLRA and demanded that Defendant appropriately correct its advertising and/or provide another appropriate remedy of the violations.  The notice was in writing and sent by certified mail, return receipt requested to Defendant's out-of-state headquarters because Defendant has no principal place of business in California.

48.     More than 30 days have elapsed since Plaintiff sent such demand letter to Defendant, but Defendant failed to respond by either correcting its advertising and/or otherwise providing an appropriate remedy of the violations or offering to do so within a reasonable time.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a.  For an order certifying that the action be maintained as a class action, that Plaintiff be designated as the class representative, and that undersigned counsel be designated as class counsel;

b.  For all available legal, equitable, and declaratory relief;

c.  For statutory damages;

d.  For attorneys' fees and costs as allowed by law; and

e.  For any and all other relief at law or equity that may be appropriate.

Dated:  April 3, 2025

PACIFIC TRIAL ATTORNEYS, APC

By: _____
Scott. J. Ferrell
Attorneys for Plaintiff

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CROCS RETAIL, LLC, a Colorado entity, d/b/a WWW.CROCS.COM,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DREW HUNTHAUSEN, individually and on behalf of all others
similarly situated,

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
4/03/2025 11:38 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By G. Cordon, Deputy Clerk**

</td>
</tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
312 N. Spring St., Los Angeles, CA 90012

</td>
<td>

CASE NUMBER:
*(Número del Caso):*
**25STCV09809**

David W. Slayton, Executive Officer/Clerk of Court

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott J. Ferrell (Bar # 202091) / Victoria C. Knowles (Bar # 277231)
PACIFIC TRIAL ATTORNEYS, APC                                    Phone No.: (949) 706-6464
4100 Newport Place Drive, Suite 800, Newport Beach, CA 92660

DATE: 04/03/2025                          Clerk, by _____G. Cordon_____, Deputy
*(Fecha)*                                 *(Secretario)*                    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/03/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ G. Cordon _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV09809 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ Kenneth R. Freeman | 14 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/03/2025
    (Date)

David W. Slayton, Executive Officer / Clerk of Court

By G. Cordon _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

LACIV 190 (Rev 6/18)
LASC Approved 05/06

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(name and Address)* | *FOR COURT USE ONLY* |
|---|---|
| SCOTT J. FERRELL, (SBN: 202091)<br>VICTORIA C. KNOWLES (SBN: 277231)<br>PACIFIC TRIAL ATTORNEYS<br>A PROFESSIONAL CORPORATION<br>4100 NEWPORT PLACE DRIVE, SUITE 800<br>NEWPORT BEACH, CA 92660<br><br>TELEPHONE NO.: (949) 706-6464    FAX NO. *(Optional)* (949) 706-6469<br>E–MAIL ADDRESS *(Optional)* : sferrell@pacifictrialattorneys.com<br>ATTORNEY FOR *(Name)*: PLAINTIFF | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>4/23/2025 11:33 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By R. Lozano, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 312 N. SPRING ST.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: SPRING STREET COURTHOUSE |

| PLAINTIFF/PETITIONER: DREW HUNTHAUSEN, individually and on behalf of all others similarly situated<br><br>DEFENDANT/RESPONDENT: CROCS RETAIL, LLC, a Colorado entity, d/b/a WWW.CROCS.COM | CASE NUMBER: **25STCV09809** |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **1212653JR** |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of :
    - a.☒   Summons
    - b.☒   Complaint
    - c ☒   Alternative Dispute Resolution (ADR) package
    - d ☒   Civil Case Cover Sheet *(served in complex cases only)*
    - e ☐   cross-complaint
    - f. ☒   other *(specify documents):* Civil Case Cover Sheet Addendum and Statement of Location ; First Amended General Order; Notice of Case Assignment ; Order Pursuant to CCP 1054 (a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; Voluntary Efficient Litigation Stipulations Package

3.  a. Party served: *(specify name of party as shown on documents served):*
       CROCS RETAIL, LLC, a Colorado entity, d/b/a WWW.CROCS.COM
    b. Person served (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made)*(specify name and relationship to the party named in item 3a):*
       CT Corporation System Inc., Registered Agent, By Serving, SARAI MARIN, AUTHORIZED AGENT (Hispanic., Female, Long black hair, Brown eyes, 135lbs, Mid 20)
4.  Address where the party was served:    330 N. Brand Blvd., Suite 700
                                            GLENDALE, CA 91203
5. I served the party *(check proper box)*
    - a. ☒ **by personal service**. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 04/11/2025  (2) at: *(time)* 12:00 PM

    - b. ☐ **by substituted service**. On *(date):*        at: *(time)*        . I left the documents listed in item 2 with or in the presence of (name and title or relationship to the person indicated in item 3):
        - (1) ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
        - (2) ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
        - (3) ☐   **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
        - (4) ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        *(city):*        **or** ☐ a declaration of mailing is attached.
        - (5) ☐   I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure § 417.10 |

| PLAINTIFF/PETITIONER: DREW HUNTHAUSEN, individually and on behalf of all others similarly situated | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CROCS RETAIL, LLC, a Colorado entity, d/b/a WWW.CROCS.COM | **25STCV09809** |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) (date):                    (1) (city):
(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* (form 982(a)(4)) and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt *(form 982(a)(4).)* (Code Civ. Proc., § 415.30.)
(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (specify means of service and authorizing code section):
☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☐ as an individual defendant
b. ☐ as the person sued under the fictitious name of (specify):
c. ☒ on behalf of (specify): CROCS RETAIL, LLC, a Colorado entity, d/b/a WWW.CROCS.COM
under the following Code of Civil Procedure section:

| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
|---|---|
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☒ other:LLC |

7. **Person who served papers**
a. Name: GRACH ADJIMIKRIAN
b. Address: **800 W. 1ST STREET, SUITE 200-B LOS ANGELES, CALIFORNIA 90012**
c. Telephone number: **(213) 607-9000**
d. The fee for service was: $ 75.00
e. I am:
(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☒ registered California process server:
(i) ☐ owner ☐ Employee ☒ independent contractor.
(ii) ☒ Registration No.:2025043185
(iii) ☒ County: LOS ANGELES

USA Legal Network

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Or
9. ☐ I am a California sherif or marshal and I certify that the foregoing is true and correct.

Date: 04/15/2025

GRACH ADJIMIKRIAN
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]    **PROOF OF SERVICE OF SUMMONS**    Code of Civil Procedure § 417.10

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**