Alex Terepka (SBN 288243)
alex@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

*Attorney for Crocs Retail, LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HUNTHAUSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROCS RETAIL, LLC, a COLORADO entity, d/b/a WWW.CROCS.COM,<br><br>Defendant. | Case No: 2:25-cv-4199-AH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO CERTIFY ORDER DECLINING TO DISMISS CASE FOR APPELLATE GUIDANCE PER 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Wednesday, October 29, 2025<br>Time: 1:30 pm<br>Department: 9th Floor, Courtroom 9C<br>Judge: Honorable Anne Hwang |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on October 29, 2025, at 1:30 pm in Courtroom 9C, 350 W. 1st Street, Los Angeles, California 90012, or as soon thereafter as the Court will order, Defendant Crocs Retail, LLC ("Crocs") will move this Court for an order pursuant to 28 U.S.C § 1292(b) certifying this Court's Order Denying Defendant's Motion to Dismiss (Dkt. No. 15) for appeal.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the complete file and record in this action, and such further and other matters as the Court may allow.

Under Civil Local Rule 7-3, this Motion is made following the conference of counsel pursuant to the Court's civil local rules. The parties conferred on September 11, 2025, and again on September 17, 2025, during which the parties thoroughly discussed the substance and potential resolution of the filed motion by teleconference. Plaintiff's counsel indicated Plaintiff opposes the motion.

DATED: October 1, 2025

By:  **WATSTEIN TEREPKA LLP**

*/s/ Alex Terepka*
Alex Terepka (SBN 288243)
alex@wtlaw.com
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

Trishanda L. Treadwell (*pro hac vice*)
ttreadwell@wtlaw.com
75 14th Street NE, Suite 2600
Atlanta, GA 30308
T: (404) 905-6400

*Counsel for Crocs Retail, LLC*

# Table of Contents

I. INTRODUCTION AND BACKGROUND .................................................. 1

II. LEGAL STANDARD .......................................................................... 2

III. ARGUMENT ..................................................................................... 3

    A. Crocs's Motion to Dismiss Concerns Two Controlling Questions of Law. ........... 3

    B. Conflicting District Court Decisions Demonstrate a Substantial Ground for Difference of Opinion. ........................................................................... 4

        1. District court decisions demonstrate the difference in opinion on the requirements to plead reference pricing claims. ................................. 4

        2. Strict compliance with the CLRA pre-suit notice requirement presents a substantial ground for difference of opinion. .................................. 7

    C. An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation. ........................................................................................ 11

IV. CONCLUSION ................................................................................. 13

# <u>Table of Authorities</u>

**Cases**

*Arizona v. Ash Grove Cement Co.*,
459 U.S. 1190 (1983) ...................................................................... 3

*Associated Builders, Inc. v. Alabama Power Co.*,
505 F.2d 97 (5th Cir. 1974) ............................................................. 8

*Baranchik v. City of Redondo Beach*,
2011 WL 13217546, at *2 (C.D. Cal. Sept. 12, 2011) ...................... 2

*Benipayo v. Volkswagen Grp. of Am.*,
2020 WL 553884, at *7 (N.D. Cal. Feb. 4, 2020) ........................... 11

*Benson v. S. California Auto*,
239 Cal. App. 4th 1198 (2015) ......................................... 10, 12, 14

*Breen v. Pruter*,
679 F. App'x 713 (10th Cir. 2017) .................................................. 10

*Camasta v. Jos. A. Bank Clothiers*,
761 F.3d 732, 739 (7th Cir. 2014) ..................................................... 8

*Carvalho v. HP*,
*2022 WL 2290595 (N.D. Cal. June 24, 2022)* .................................. 7

*Cattie v. Wal-Mart Stores*,
504 F. Supp. 2d 939 (S.D. Cal. 2007) ...................................... 10, 14

*Clark v. InComm Fin. Servs.*,
2023 WL 5167364 (C.D. Cal. July 17, 2023) ................................. 11

*Cooper v. Tokyo Elec. Power*,
166 F. Supp. 3d 1103 (S.D. Cal. 2015) ........................................... 15

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ............................................................ 7

*F.T.C. v. Swish Mktg.*,
2010 WL 1526483 (N.D. Cal. Apr. 14, 2010) ................................... 3

*Finder v. Leprino Foods*,
   2016 WL 4095833 (E.D. Cal. Aug. 1, 2016) ........................................ 5

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
   921 F. Supp. 2d 1059 (D. Haw. 2013) ................................................ 5

*Herron v. Best Buy*,
   2014 WL 2462969 (E.D. Cal. May 29, 2014) .................................. 9, 10

*ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*,
   22 F.4th 1125 (9th Cir. 2022) .............................................................. 1

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ......................................................... 3, 4

*In re Cintas Corp. Overtime Pay Arbitration Litig.*,
   2007 WL 1302496 (N.D. Cal. May 2, 2007) ...................................... 16

*In re Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*,
   966 F. Supp. 2d 1031 (C.D. Cal. 2013) ............................................. 16

*Janda v. T-Mobile*,
   378 Fed. App'x 705 (9th Cir. 2010) ........................................ 2, 10, 14

*Knapp v. Art.com*, 2016 WL 3268995
   (N.D. Cal. June 15, 2016) ................................................................... 6

*Kuehner v. Dickinson & Co.*,
   84 F.3d 316 (9th Cir. 1996) ................................................................ 4

*Laster v. T-Mobile*,
   407 F. Supp. 2d 1181 (S.D. Cal. 2005) .......................................... 5, 14

*Mullins v. Int'l Bhd. of Teamsters*,
   2025 WL 1489711 (N.D. Cal. May 23, 2025) ...................................... 4

*Oh v. Catalina Snacks, Inc.*,
   764 F. Supp. 3d 903 (C.D. Cal. 2025) .............................................. 11

*Outboard Marine Corp. v. Superior Ct.*,
   52 Cal. App. 3d 30 (Ct. App. 1975) .................................................. 10

*Postpichal v. Cricket Wireless*,
   2021 WL 2322418 (N.D. Cal. June 7, 2021) .................................. 9, 10

CASE NO. 2:25-CV-4199
MEMO. SUPPORTING DEF.'S MOT. TO CERTIFY FOR INTERLOCUTORY APPEAL

*Purcelley v. Ekster*,
    2024 WL 2107710 (C.D. Cal. Apr. 4, 2024) .................................................... 6, 7

*Ray v. California Dep't of Soc. Servs.*,
    2017 WL 10436062 (C.D. Cal. Nov. 30, 2017) ............................................... 3, 4

*Reddy v. Litton Indus., Inc.*,
    912 F.2d 291 (9th Cir. 1990) ................................................................................ 7

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ......................................................................... 1, 17

*Romero v. Flowers Bakeries*,
    2015 WL 2125004 (N.D. Cal. May 6, 2015) ..................................................... 11

*Shu v. Toyota Motor Sales USA, Inc.*,
    669 F. Supp. 3d 888 (N.D. Cal. 2023) .............................................................. 11

*Trabakoolas v. Watts Water Techs.*,
    2012 WL 2792441 (N.D. Cal. July 9, 2012) ...................................................... 11

*United Food Grp. v. Cargill*,
    2015 WL 13868985 (C.D. Cal. July 27, 2015) .................................................. 16

*Urquijo v. State*,
    2025 WL 2005446 (C.D. Cal. Feb. 27, 2025) ..................................................... 1

*Vizcarra v. Michaels Stores*,
    710 F. Supp. 3d 718 (N.D. Cal. 2024) ................................................................ 6

*Von Grabe v. Sprint*,
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ............................................................... 5

**Statutes**

Cal. Civ. Code § 1782 ....................................................................................... 7, 10, 11

Cal. Civ. Code § 1782(a) ...................................................................................... 8, 9, 10

Cal. Civ. Code § 1782 (b) ................................................................................................ 10

**Other Authorities**

Sen. R. 58-2434, 1958 U.S.C.C.A.N. 5255, 5259 ........................................................... 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Rules**

28 U.S.C. § 1292 ............................................................................................. 1, 2, 6

28 U.S.C. § 1292(b) .................................................................................. 2, 3, 11, 12

CASE NO. 2:25-CV-4199
MEMO. SUPPORTING DEF.'S MOT. TO CERTIFY FOR INTERLOCUTORY APPEAL

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.     INTRODUCTION AND BACKGROUND

3

4

5

6

7

8

9

10

11

12

13

14

15

16

Congress created 28 U.S.C. § 1292 as a safety valve to prevent parties and courts from wasting years litigating cases that hinge on unsettled legal questions. Sen. R. 58-2434, 1958 U.S.C.C.A.N. 5255, 5259; *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 n.5 (9th Cir. 2011) (purpose of Section 1292(b) is to avoid "unnecessary, protracted litigation and a considerable waste of judicial resources"). This is precisely such a case. The Court's order denying Crocs's motion to dismiss turns on two, pure issues of law: (1) what Rule 9(b) requires for pleading false reference pricing claims in non-exclusive product cases, and (2) whether the CLRA's pre-suit notice provision demands strict compliance. For both questions, "(1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate conclusion of the litigation." *Urquijo v. State*, 2025 WL 2005446, at *1 (C.D. Cal. Feb. 27, 2025); *see ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022)*.*

17

18

19

20

21

22

23

24

25

26

Under these principles, certifying for appellate guidance the Court's order declining to dismiss this case is not only appropriate—it is essential. On the Rule 9(b) issue, courts have split into two irreconcilable camps: some require plaintiffs to plausibly allege prevailing market prices that show the reference price was false or misleading; others seem to disregard the heightened pleading standard and not require such detailed allegations. On the CLRA pre-suit notice issue, "there is a split in authority on whether the CLRA requires strict compliance with its notice provision" and whether dismissal for non-compliance should be with prejudice. *Janda v. T-Mobile*, 378 Fed. App'x 705, 708-09 (9th Cir. 2010). Each issue independently qualifies for certification.

27

28

1  Appellate guidance under § 1292 will materially advance this litigation. If the
2  Ninth Circuit adopts Crocs's position on either issue, the damages claims vanish—
3  and on the Rule 9(b) issue, the entire case ends. Interlocutory review will save the
4  Court and parties the enormous burden of class discovery, certification, and merits
5  litigation over claims that may never have been viable to begin with.

6  This case presents a textbook scenario for certification under § 1292. Crocs
7  respectfully requests that the Court grant the motion and certify the order for
8  interlocutory appeal.

9  **II.    LEGAL STANDARD**

10  Section 1292(b) permits district courts to certify interlocutory orders for
11  immediate appeal in the circumstances presented here. Indeed, "Section 1292(b) was
12  intended primarily as a means of expediting litigation by permitting appellate
13  consideration during the early stages of litigation of legal questions which, if decided
14  in favor of the appellant, would end the lawsuit." *Baranchik v. City of Redondo*
15  *Beach*, 2011 WL 13217546, at *2 (C.D. Cal. Sept. 12, 2011) (internal quotations
16  omitted) (quoting *F.T.C. v. Swish Mktg.*, 2010 WL 1526483, at *1 (N.D. Cal. Apr.
17  14, 2010)).

18  Certification is particularly appropriate where, as here, further litigation of
19  this putative class action may be protracted and complex. *See* 16 C. Wright & A.
20  Miller, Federal Practice and Procedure § 3929 n.12 (3d ed.) ("Although certification
21  under § 1292(b) has not been restricted in practice to exceptionally complex or
22  protracted litigation, it remains especially suitable for use in such cases.") (citation
23  omitted); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981),
24  *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983) (recognizing
25  legislative history of 1292(b), which indicates it should be used where interlocutory
26  appeal would avoid protracted and expensive litigation).

27
28

Accordingly, a "district court may certify an interlocutory appeal if (1) the order involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Ray v. California Dep't of Soc. Servs.*, 2017 WL 10436062, at *2 (C.D. Cal. Nov. 30, 2017) (granting motion to certify for immediate appeal) (citing 28 U.S.C. § 1292(b) and *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). As demonstrated below, each of these three elements exist in this case; therefore, the Court should grant Crocs's Motion.

## III.   ARGUMENT

### A.   Crocs's Motion to Dismiss Concerns Two Controlling Questions of Law.

The Court's Order addresses two controlling legal issues—(1) the pleading standard for non-exclusive product, false reference pricing claims and (2) whether strict compliance is required for the CLRA's pre-suit notice. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *Ray*, 2017 WL 10436062, at *3 (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026); *see also Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996) (even collateral issues may be the proper subject of an interlocutory appeal, especially if an early appeal could prevent needless expense and delay). For example, whether a plaintiff can bring suit or whether a claim exists as a matter of law are both controlling issues. *Mullins v. Int'l Bhd. of Teamsters*, 2025 WL 1489711, at *1 (N.D. Cal. May 23, 2025) (finding that whether a claim exists as a matter of law was a controlling issue and granting motion to certify interlocutory appeal); *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1066 (D. Haw. 2013) (certifying appeal concerning interpretation of statutory language); *Finder v. Leprino Foods*, 2016 WL

4095833, at *3 (E.D. Cal. Aug. 1, 2016) (certifying appeal of denial of rule 12(b)(6) motion that hinged on court's interpretation of key statutory term).

Both issues here are "controlling [legal] issues" that will materially affect the outcome of the litigation in district court. Holding Plaintiff to a strict compliance standard for the CLRA pre-suit notice would result in that claim being dismissed with prejudice. *Laster v. T-Mobile*, 407 F. Supp. 2d 1181, 1195–96 (S.D. Cal. 2005) (dismissing with prejudice regardless of any alleged inadvertence or mistake) (citing *Von Grabe v. Sprint*, 312 F. Supp. 2d 1285, 1303–4 (S.D. Cal. 2003) (requiring strict compliance and disregarding plaintiff's argument to excuse its "technical deficiency")). Without the CLRA claim, there is no claim for damages. Likewise, if Plaintiff's complaint, on its face, fails to plausibly plead a false or misleading price, the entire complaint fails. Thus, Section 1292(b)'s first requirement is satisfied.

### B. Conflicting District Court Decisions Demonstrate a Substantial Ground for Difference of Opinion.

#### 1. *Differing district court results demonstrate the substantial grounds for difference of opinion on the requirements to plead reference pricing claims.*

"In non-exclusive product cases where more than one retailer offers the product at issue for sale, plaintiffs must plead facts showing that it is plausible that the reference price is misleading." *Purcelley v. Ekster*, 2024 WL 2107710, at *4 (C.D. Cal. Apr. 4, 2024) (cleaned up); *see also* Order [ECF 23] at 4–5. Courts impose this standard "because there are legitimate prices to which to compare the defendant's reference price, and courts have therefore reasoned that Plaintiff's allegations must reflect a reasonable investigation rather than mere information and belief to satisfy 9(b)." *Id.*

But courts are not aligned on what it takes to meet that heightened standard— or whether a heightened standard applies. Plaintiff, for example, relied heavily on the *Knapp* and *Vizcarra* holdings to argue that he did not "need to identify prices

4

charged by other retailers to plausibly establish that [defendant's] advertised former prices are higher than prevailing market prices." ECF 17 at 3 (citing *Knapp v. Art.com*, 2016 WL 3268995, at *5 (N.D. Cal. June 15, 2016) and *Vizcarra v. Michaels Stores*, 710 F. Supp. 3d 718, 726 (N.D. Cal. 2024)). This position is inconsistent with the standard cited in Crocs's motion, as set forth in *Purcelley* and *Carvalho*: requiring a plaintiff in a non-exclusive product case to show that the reference price is misleading by pleading facts showing a reasonable investigation into the prevailing market price. *Purcelley*, 2024 WL 2107710, at *4; *Carvalho v. HP*, 2022 WL 2290595, at *3–4 (N.D. Cal. June 24, 2022).

These cases show another, independent question demonstrating a substantial ground for difference of opinion. Can a plaintiff meet Rule 9(b)'s heightened pleading standard with contradictory allegations and attachments that affirmatively show the reference price was not misleading? Here, the Court held yes. ECF 23 at 5-6. But under Ninth Circuit authority holding that courts should disregard allegations that contradict evidence attached to the complaint, other courts may have reached the opposite conclusion. *See, e.g., Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996–99 (9th Cir. 2014) (In assessing plausibility under Rule 12(b)(6), the court may disregard allegations that are internally inconsistent or implausible in light of common sense and judicially noticeable facts.); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990) (court may disregard contradictory allegations when assessing sufficiency).

Nor is the Ninth Circuit alone in holding that contradictory allegations in consumer-protection claims cannot meet Rule 9(b). *Camasta v. Jos. A. Bank Clothiers* illustrates the point. There, the plaintiff alleged that the retailer's "perpetual sales" were deceptive, but the very evidence attached to the complaint undercuts his theory. The Seventh Circuit affirmed dismissal, explaining that the evidence "reduce[d] the effect of his argument because it shows that there were a

variety of sales for different periods of time, under different terms, and that included different types of merchandise." 761 F.3d 732, 739 (7th Cir. 2014). Likewise, in *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 102 (5th Cir. 1974), the Fifth Circuit affirmed dismissal of securities-fraud claims where the prospectus appended to the complaint showed no misrepresentations were made. These cases reached the opposite conclusion as this Court on similar issues, confirming that a substantial ground for a difference of opinion meriting appellate guidance exists here.

The acceptance of conflicting allegations is especially key because Plaintiff essentially pleaded himself out of court. Instead of providing plausible allegations of a false or misleading reference price, Plaintiff provided ***proof*** that Crocs's $80 reference price was on the low end of several contemporaneous sales. For example, Plaintiff's Exhibit 6 to the FAC indisputably shows that $64.97 was not the ***prevailing market price*** but instead was the "***lowest price***" available for the Busch Light x Crocs All Terrain Clogs at issue. ECF 12-1, Ex. 6; *see also* Ex. 1 (also citing "lowest prices" during the referenced period, not prevailing or even average prices). Plaintiff's own allegations acknowledge that Crocs was offering the same shoe for $72 shortly after Plaintiff purchased his shoes, so the $80 strikethrough price was never materially misleading—certainly not to a reasonable consumer. ECF 12-1 at Ex. 1. And most critically, Plaintiff appended to the FAC a third-party website printout showing that certain sizes were selling for as much as $230.[1] *Id.*

In sum, holding that Plaintiff met a heightened pleading standard for reference pricing claims alone presents a substantial ground for difference of opinion that merits appellate guidance under § 1292.

---

[1] Plaintiff includes pricing for at least eight different sizes of the shoe to game the lowest possible reference price. The FAC disregards whether Plaintiff wears a size 5 or a size 13 and simply searches for the lowest possible price.

1

2

### 2.    Strict compliance with the CLRA pre-suit notice requirement presents a substantial ground for difference of opinion.

The CLRA pre-suit notice requirement presents another substantial ground for a difference of opinion on the law. In a case like this, the CLRA requires a consumer to (1) notify the business of the "particular alleged violations" 30 days before filing suit and (2) demand that the company redress those alleged violations. Cal. Civ. Code § 1782. The statute requires the notice be sent a certain way, to a certain address, in a certain amount of time, and containing certain details. Cal. Civ. Code §§ 1782. "The procedural requirements set out by CLRA are unyielding and must be followed." *Postpichal v. Cricket Wireless*, 2021 WL 2322418, at *1 (N.D. Cal. June 7, 2021); *see also Herron v. Best Buy*, 2014 WL 2462969, at *2 (E.D. Cal. May 29, 2014) (dismissing where plaintiff did not provide proper pre-suit notice under Cal. Civ. Code § 1782 and finding statute requires "literal application"). This notice requirement "serves a vital role in promoting efficient resolution" of claims by allowing companies to cure the alleged injury. *Postpichal*, 2021 WL 2322418, at *1; *see also Benson v. S. California Auto*, 239 Cal. App. 4th 1198, 1212 (2015) (holding a lawsuit is "fatally defective from the beginning" without proper CLRA notice).

In its Order, the Court acknowledged that the pre-suit notice is "mandatory" and compliance "necessary to state a claim." ECF 23 at 7 (citing *Cattie v. Wal-Mart Stores*, 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007)). The Court also recognized the "split in authority on whether the CLRA requires strict compliance with its notice provision." *Id*. (citing *Janda*, 378 F. App'x at 708–09). This acknowledged "split in authority" regarding CLRA pre-suit notice requirements demonstrates the substantial ground for a difference of opinion. A great swath of authority supports a strict compliance standard for CLRA pre-suit notice. *See, e.g., Postpichal*, 2021 WL 2322418, at *2 (noting "unyielding" standard and dismissing action for failure to provide CLRA pre-suit notice); *Herron*, 2014 WL 2462969, at *2 (E.D. Cal. May 29, 2014) (similar); *Breen v. Pruter*, 679 F. App'x 713, 719 (10th Cir. 2017)

7

(dismissing CLRA claim with prejudice); *Outboard Marine Corp. v. Superior Ct.*, 52 Cal. App. 3d 30, 40 (Ct. App. 1975) (rejecting substantial compliance standard for CLRA notice and noting "literal application" of standard is required).

Other courts have employed a more flexible approach to pre-suit notice. *See, e.g., Clark v. InComm Fin. Servs.*, 2023 WL 5167364, at *5 (C.D. Cal. July 17, 2023) (permitting CLRA claim where notice sent after initial complaint but 30 days before amended complaint); *Benipayo v. Volkswagen Grp. of Am.*, 2020 WL 553884, at *7 (N.D. Cal. Feb. 4, 2020) (denying summary judgment on CLRA notice issue). But the rift is clear.

There is also a "significant split among the courts . . . on whether dismissal of a CLRA claim for violation of section 1782(a)'s notice requirement should be granted with or without prejudice." *Trabakoolas v. Watts Water Techs.*, 2012 WL 2792441, at *7 (N.D. Cal. July 9, 2012) (gathering cases dismissing with prejudice); *cf. Romero v. Flowers Bakeries*, 2015 WL 2125004, at *8 (N.D. Cal. May 6, 2015) ("Courts in this District have determined that it is consistent with California law and with the purposes of the statute to dismiss a CLRA claim for damages without prejudice to amending after a plaintiff can demonstrate compliance with the notice requirements.").

This division of authority on whether plaintiffs must strictly comply with CLRA's statutory notice requirement and whether a dismissal should be with prejudice presents substantial grounds for differences of opinion, and each is sufficient reason alone to certify the Order for appellate guidance.

Additionally, yet another independent basis showing a substantial ground for difference of opinion is whether *willful* CLRA notice violations that prejudice the purpose of the notice requirement require dismissal with prejudice. The record is unusually strong that Plaintiff's counsel willfully violated CLRA's statutory, pre-suit notice requirement to ensure they could prevent any outcome that would stop

them from "collect[ing] attorney fees." *Benson*, 239 Cal. App. 4th 1198, 1212. Plaintiff's counsel (Mr. Ferrell) confirmed in writing that this was precisely his purpose in violating the notice requirement: He insisted that Crocs agree not to do anything "to try to moot" Plaintiff's "class claim" during the pre-suit period. ECF 15-1 at Ex. 4. That protected Mr. Ferrell's ability to file a lawsuit and get paid. Mr. Ferrell's email also went against Section 1782(a)'s requirement to "demand" during the pre-suit period that the defendant "correct" the "alleged . . . violation." His email demanded the opposite. Plaintiff's counsel thus deprived Crocs, Plaintiff, and the putative class the opportunity for a pre-suit correction that did not involve paying Plaintiff's counsel.

Plaintiff counsel's other communications show they violated the notice requirement to ensure they could "collect attorney fees" despite the CLRA's statutory requirements designed to prevent that. *Benson*, 239 Cal. App. 4th 1198, 1212. For example, after violating the notice requirement, they demanded $495,000 to resolve on an individual basis Plaintiff's claim about a $36 shoe purchase. ECF 15-1 at ¶ 5 & Ex. 3. In other words, after willfully depriving Crocs, Plaintiff, and the putative class of the CLRA's statutory safe harbor to resolve the dispute without Plaintiff's counsel collecting fees, Mr. Ferrell demanded a settlement that would put hundreds of thousands of dollars in his pocket.

As another example, minutes before the Court's hearing on the motion to dismiss, Plaintiff's counsel again confirmed the reason they willfully violated the CLRA notice requirement. He forwarded the Court's tentative order to another lawyer associated with Crocs and said:

> Thought this would interest you. Apparently defense counsel oversold their abilities here. You could be a hero and come in and get this settled for $399,000 individual before we bring in Dovel and Luner or Bursor & Fisher to take it deep... ;-)

ECF 22-1. Setting aside that this email is inappropriate, it again confirms Plaintiff counsel's intent to do anything they can to collect their fees without ever complying with the CLRA's notice requirement.

On top of that, Plaintiff's counsel never revealed Plaintiff's identity until they filed the complaint, even after Crocs specifically asked. ECF 15-1 at ¶ 6 & Ex. 4. This refusal to even identify their client before filing the complaint is unprecedented in the case law.

The Court's Order overlooked Plaintiff's conduct and concluded that Crocs had "ample time" to address Plaintiff's claim. But that unjustly puts the blame on Crocs for Plaintiff's CLRA notice violation. Because of his violation, the notice period never started, and Crocs could not count on the CLRA's statutory safe harbor. Cal. Civ. Code § 1782(a) & (b). That permits Plaintiff's counsel to successfully evade any outcome where they cannot "collect attorney fees," despite the CLRA's statutory requirements designed to prevent that. *Benson*, 239 Cal. App. 4th 1198, 1212.

Plaintiff counsel's deliberate violation defeats the CLRA's intended goal of "facilitat[ing] precomplaint settlements of consumer actions wherever possible." *Cattie v. Wal-Mart Stores*, 504 F. Supp. 2d 939, 950 (S.D. Cal. 2007). And as one court held, the CLRA's notice requirement "would be eviscerated if consumers were allowed to sue for damages without first providing the statutorily mandated period for remediation." *Laster*, 407 F. Supp. 2d at 1195-96 (dismissing CLRA claim with prejudice); *see also Janda*, 378 F. App'x at 708–09 (affirming dismissal with prejudice because Plaintiff did not comply with CLRA's "notice provision"). That is especially true here.

The Court's Order presents a substantial ground for difference of opinion on still more CLRA notice issues. Section 1782 requires that the notice "be sent by certified or registered mail." Cal. Civil Code § 1782; FAC ¶ 70 (explaining original

10

notice sent by certified mail). Indeed, the only two forms of notice that Plaintiff alleges in the FAC are the deficient January 2025 notice via certified mail (FAC ¶ 70) and the filing of the original complaint in April 2025. *Id.* ¶ 72. In *Oh v. Catalina Snacks, Inc.*, 764 F. Supp. 3d 903, 920-21 (C.D. Cal. 2025) and *Shu v. Toyota Motor Sales USA, Inc.*, 669 F. Supp. 3d 888, 899–900 (N.D. Cal. 2023), the courts dismissed their respective claims due to technically deficient CLRA notices. *Shu*, 669 F. Supp. 3d at 899-900 (holding notice "does not satisfy the CLRA because filing a complaint is not the same as sending the letter").

For all of the foregoing reasons, the strict compliance issue creates substantial grounds for a difference of opinion. It is not simply that courts have inconsistently required strict adherence to the CLRA notice requirements. The division also encompasses whether and what consequence a plaintiff faces for noncompliance—especially where there is evidence of willful noncompliance.  Here, the notices never provided information as vital as the Plaintiff's name, and the intention behind this, as Plaintiff's counsel has admitted, was to prevent Crocs from resolving this dispute without paying Plaintiff's counsel's extortionate fees. With this rich record, if any CLRA Order should be certified for appeal, it is this one.

The Order therefore includes two controlling questions of law on which there are substantial grounds for a difference of opinion, and both should be certified for an interlocutory appeal.

## C.    An Immediate Appeal Will Materially Advance the Ultimate Termination of the Litigation.

The third and final requirement of Section 1292(b)—materially advancing the ultimate termination of the litigation—is satisfied for both legal issues. *Cooper v. Tokyo Elec. Power*, 166 F. Supp. 3d 1103, 1142–43 (S.D. Cal. 2015) ("Certification materially advances the ultimate termination of the litigation when allowing an interlocutory appeal would avoid protracted and expensive litigation, saving both

1    the court and the parties unnecessary trouble and expense.") (internal quotations
2    omitted).

3    First, certifying the pleading standard issue in a reference pricing claim has
4    the potential to eliminate the litigation entirely. If the Ninth Circuit finds the
5    appropriate application of the heightened pleading standard means inconsistent, and
6    thus implausible, prevailing price allegations should not be taken as true, then
7    Plaintiff has pleaded himself out of court, and this matter is over. The "protracted
8    and expensive litigation, and burdens on the court system, that would result from the
9    denial of § 1292(b) certification would be entirely avoided." *In re Cintas Corp.*
10   *Overtime Pay Arbitration Litig.*, 2007 WL 1302496, at *2 (N.D. Cal. May 2, 2007)
11   (finding third requirement satisfied and certifying immediate appeal); *see also*
12   *United Food Grp. v. Cargill*, 2015 WL 13868985, at *3 (C.D. Cal. July 27, 2015)
13   (granting motion to certify and reasoning that if motion were denied and case
14   proceeded to trial, "the district court and the parties will have unnecessarily wasted
15   significant time and resources if the Ninth Circuit ultimately determined on appeal
16   that federal jurisdiction did not exist"); *In re Countrywide Fin. Corp. Mortg.-Backed*
17   *Sec. Litig.*, 966 F. Supp. 2d 1031, 1045 (C.D. Cal. 2013) ("Resolution of a question
18   materially advances the termination of litigation if it 'facilitate[s] disposition of the
19   action by getting a final decision on a controlling legal issue sooner, rather than later
20   in order to save the courts and the litigants unnecessary trouble and expense.'").

21   An early appellate resolution of the CLRA notice issue would also advance
22   the termination of this litigation. Plaintiff's sole claim for damages is his CLRA
23   claim. Where, as here, Plaintiff has *willfully* evaded the CLRA notice requirement,
24   dismissal with prejudice is appropriate. Such dismissal would transform the
25   litigation into a case seeking injunctive relief and restitution for shoes that no one
26   claims are defective or worth less than the price paid. Thus, an appellate ruling would
27   materially advance the termination of this litigation (and provide guidance for future

28

1   litigants). *See Reese*, 643 F.3d at 688 (concluding district court properly certified

2   interlocutory appeal because reversal could result in dismissal of particular

3   defendant or type of claim, which would materially advance litigation).

4          Separately, considering that Plaintiff's counsel has brought at least 70 false

5   reference pricing cases in California over the past year, it is in the public interest to

6   resolve the proper application of Rule 9(b) to a motion to dismiss a false reference

7   price claim involving a non-exclusive product. *See* Exhibit A (attached) (listing over

8   75 copy-and-paste reference price cases filed by Plaintiff's counsel since April

9   2025). The number of these cases has doubled in the last year and is growing, which

10  further underscores the need for appellate guidance now. *See, e.g.*,

11  https://www.law360.com/articles/2275650/retailers-must-adapt-as-courts-shift-on-

12  false-price-claims, last accessed on Sept. 30, 2025 (discussing rising number of false

13  reference price claims, particularly in California). An interlocutory appeal will

14  materially advance this litigation and provide much-needed guidance in many

15  others.

16  **IV.    CONCLUSION**

17         Crocs's motion provides a strong case for certification. There are not one, but

18  two, controlling issues, substantial grounds for difference of opinion on those issues,

19  and resolving either issue to the contrary would either entirely dispose of this case

20  or significantly alter its scope.

21

22  DATED: October 1, 2025              By: */s/ Alex Terepka*

23                                     Alex Terepka (SBN 288243)
                                       alex@wtlaw.com

24                                     **WATSTEIN TEREPKA LLP**

25                                     515 South Flower Street, 19th Floor
                                       Los Angeles, California 90071

26                                     Telephone: (213) 839-3317

27
                                       Trishanda L. Treadwell
28

13

1

2

3

4

Georgia Bar No. 356896
ttreadwell@wtlaw.com
Admitted *pro hac vice*
75 14th Street NE; Suite 2600
Atlanta, GA 30308
T: (404) 905-6400

5

*Counsel for Crocs Retail, LLC*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 2:25-CV-4199
MEMO. SUPPORTING DEF.'S MOT. TO CERTIFY FOR INTERLOCUTORY APPEAL

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendant Crocs Retail, LLC, certifies that this brief contains 4,032 words, which complies with the word limit of L.R. 11-6.1.

DATED: October 1, 2025                    /s/ Alex Terepka
                                                          Alex Terepka

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Alex Terepka
Alex Terepka

**Exhibit A: Pacific Trial Attorneys' Copy-Paste Reference Pricing Cases**

| # | Case Name | Case Number | Date Filed | Court Filed |
|---|---|---|---|---|
| 1. | *Michael Gonzales v. ORW USA, Inc.* | 25STCV25583 | 9/2/2025 | L.A. Superior Court |
| 2. | *Monica Sanchez v. Brand501 US Corp.* | 25STCV22005 | 7/28/2025 | L.A. Superior Court |
| 3. | *Monica Sanchez v. Ashro, Inc.* | 25STCV21987 | 7/25/2025 | L.A. Superior Court |
| 4. | *Miguel Esparza v. Greenworks North America, LLC* | 25STCV21990 | 7/25/2025 | L.A. Superior Court |
| 5. | *Miguel Esparza v. Keen, Inc.* | 25STCV21488 | 7/21/2025 | L.A. Superior Court |
| 6. | *Jessica Argueta v. Snow Cosmetics LLC* | 25STCV21478 | 7/21/2025 | L.A. Superior Court |
| 7. | *Rebeka Rodriguez v. Sleep Doctor Holdings, LLC* | 25STCV21344 | 7/21/2025 | L.A. Superior Court |
| 8. | *Judy Oh v. Arzz International Inc.* | 25STCV21359 | 7/21/2025 | L.A. Superior Court |
| 9. | *Monica Sanchez v. Evolv Wellness LLC* | TCN-422765 | 7/18/2025 | San Deigo Superior Court |
| 10. | *Monica Sanchez v. Skinact Inc.* | 25STCV21315 | 7/18/2025 | L.A. Superior Court |
| 11. | *Rebeka Rodriguez v. LifePro Fitness LLC* | 25STCV20636 | 7/14/2025 | L.A. Superior Court |
| 12. | *Miguel Esparza v. Homereachlifestyle LLC* | 25STCV20565 | 7/11/2025 | L.A. Superior Court |
| 13. | *Arianna Gonzales v. Prepared Hero Family Limited Partnership* | 25STCV20204 | 7/10/2025 | L.A. Superior Court |
| 14. | *Dominick Martin v. E-Conolight LLC* | 25STCV20207 | 7/8/2025 | L.A. Superior Court |
| 15. | *Rebeka Rodriguez v. Gibbon North America, Inc.* | 25STCV20215 | 7/8/2025 | L.A. Superior Court |
| 16. | *Monica Sanchez v. Maggy London International, Ltd* | TCN-410341 | 7/6/2025 | San Diego Superior Court |
| 17. | *Miltita Casillas v. Kendra Scott, LLC* | TCN-410342 | 7/6/2025 | San Diego Superior Court |
| 18. | *Rusty Rendon v. Brands Holding Corp.* | TCN-407214 | 7/2/2025 | San Diego Superior Court |
| 19. | *Judy Oh v. The Talbots LLC* | 25STCV18830 | 7/1/2025 | L.A. Superior Court |
| 20. | *Judy Oh v. Steve Madden, Ltd* | 25STCV18825 | 6/30/2025 | L.A. Superior Court |
| 21. | *Rebeka Rodriguez v. JP Boden & Co. Ltd* | TCN-399102 | 6/25/2025 | San Diego Superior Court |
| 22. | *Rebeka Rodriguez v. Wayfair LLC* | 25STCV18387 | 6/24/2025 | L.A. Superior Court |
| 23. | *Arianna Gonzales v. SkinnyCorp, LLC* | 25STCV18353 | 6/24/2025 | L.A. Superior Court |
| 24. | *Ruth Martin v. Pattern Brands, LLC* | 25STCV17667 | 6/18/2025 | L.A. Superior Court |
| 25. | *Arianna Gonzales v. Footlocker, Inc.* | 25STCV17578 | 6/17/2025 | L.A. Superior Court |
| 26. | *Annette Cody v. Title 9 Sports, Inc.* | 25STCV17567 | 6/17/2025 | L.A. Superior Court |

CASE NO. 2:25-CV-4199
MEMO. SUPPORTING DEF.'S MOT. TO CERTIFY FOR INTERLOCUTORY APPEAL

| # | Case Name | Case Number | Date Filed | Court Filed |
|---|---|---|---|---|
| 27. | *Rusty Rendon v. Pant Sagging LLC* | 25STCV17573 | 6/17/2025 | L.A. Superior Court |
| 28. | *Judy Oh v. Wolverine Worldwide, Inc.* | 25STCV17621 | 6/17/2025 | L.A. Superior Court |
| 29. | *Jerry Aviles v. Castro Commerce LLC* | 25STCV17364 | 6/16/2025 | L.A. Superior Court |
| 30. | *Judy Oh v. JEB Walks LLC* | 25STCV17314 | 6/16/2025 | L.A. Superior Court |
| 31. | *Jerry Aviles v. Groundluxe LLC* | 25STCV17316 | 6/16/2025 | L.A. Superior Court |
| 32. | *Ruth Martin v. A Book Company LLC* | 25STCV17092 | 6/13/2025 | L.A. Superior Court |
| 33. | *Rebeka Rodriguez v. Good Vibes Trading Company* | 25STCV16258 | 6/4/2025 | L.A. Superior Court |
| 34. | *Ruth Martin v. Cobian Corporation* | 25STCV15883 | 5/30/2025 | L.A. Superior Court |
| 35. | *Jesse Cantu v. Luxottica of America Inc.* | 25STCV15816 | 5/30/2025 | L.A. Superior Court |
| 36. | *Bonnie Reyes v. Sunrise Brands, LLC* | 25STCV15206 | 5/27/2025 | L.A. Superior Court |
| 37. | *Sonya Valenzuela v. Happy Feet Company LLC* | 25STCV15367 | 5/27/2025 | L.A. Superior Court |
| 38. | *Thomas Purscelley v. Bronoir LLC* | 25STCV15387 | 5/27/2025 | L.A. Superior Court |
| 39. | *Bonnie Reyes v. Seychelles Imports LLC* | 25STCV15375 | 5/27/2025 | L.A. Superior Court |
| 40. | *Cieara Munoz v. Naravana LLC* | 25STCV14923 | 5/22/2025 | L.A. Superior Court |
| 41. | *Cieara Munoz v. Solid & Striped LLC* | CVRI2502769 | 5/22/2025 | Riverside Superior Court |
| 42. | *Cieara Munoz v. Weston Brands, LLC* | 25STCV14919 | 5/22/2025 | L.A. Superior Court |
| 43. | *Miguel Licea v. Wrestlingmart.com* | 25STCV14901 | 5/21/2025 | L.A. Superior Court |
| 44. | *Jerry Aviles v. Pacific Global Partners LLC* | 25STCV14906 | 5/21/2025 | L.A. Superior Court |
| 45. | *Drew Hunthausen v. Balanga LLC* | 25STCV14896 | 5/21/2025 | L.A. Superior Court |
| 46. | *Jerry Aviles v. OfficeNation, Inc.* | 25STCV14895 | 5/21/2025 | L.A. Superior Court |
| 47. | *Tanya Cantu v. Brazyn Life, LLC* | 25STCV14491 | 5/19/2025 | L.A. Superior Court |
| 48. | *Tanya Cantu v. Blissy LLC* | 25STCV14502 | 5/19/2025 | L.A. Superior Court |
| 49. | *Geneva Gonzalez v. Balaji Trading, Inc.* | 25STCV14488 | 5/19/2025 | L.A. Superior Court |
| 50. | *Cieara Munoz v. Trigger Point Systems LLC* | 25STCV14507 | 5/19/2025 | L.A. Superior Court |
| 51. | *Tanya Cantu v. Beurer North America, L.P.* | 25STCV14701 | 5/19/2025 | L.A. Superior Court |
| 52. | *Cieara Munoz v. Merle Norman Cosmetics, Inc.* | TCN-363395 | 5/18/2025 | San Diego Superior Court |
| 53. | *Rusty Rendon v. Lolliprops Inc.* | TCN-363394 | 5/18/2025 | San Diego Superior Court |
| 54. | *Isabel Rendon v. Colosseum Athletics Corporation* | TCN-363388 | 5/17/2025 | San Diego Superior Court |

2

CASE NO. 2:25-CV-4199
MEMO. SUPPORTING DEF.'S MOT. TO CERTIFY FOR INTERLOCUTORY APPEAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| # | Case Name | Case Number | Date Filed | Court Filed |
|---|-----------|-------------|------------|-------------|
| 55. | *Sonya Valenzuela v. Thermos L.L.C.* | TCN-363386 | 5/17/2025 | San Diego Superior Court |
| 56. | *Tawnya Rodriguez v. Young & Reckless LLC* | 25STCV13901 | 5/12/2025 | L.A. Superior Court |
| 57. | *Tawnya Rodriguez v. North Star OPCO LLC* | 25STCV13422 | 5/7/2025 | L.A. Superior Court |
| 58. | *Tanya Cantu v. Personal Retailing Inc.* | 25STCV13411 | 5/7/2025 | L.A. Superior Court |
| 59. | *Rebeka Rodriguez v. Lenox Corporation* | TCN-346533 | 4/29/2025 | San Diego Superior Court |
| 60. | *Jose Licea v. Sferra Fine Linens, LLC* | 25STCV12549 | 4/29/2025 | L.A. Superior Court |
| 61. | *Michael Gonzales v. Northland Aluminum Products, Inc.* | 25STCV12399 | 4/28/2025 | L.A. Superior Court |
| 62. | *Jessica Argueta v. O W I Inc.* | 25STCV12270 | 4/28/2025 | L.A. Superior Court |
| 63. | *Tawyna Rodriguez v. Marmot Mountain, LLC* | 25STCV12404 | 4/28/2025 | L.A. Superior Court |
| 64. | *Rebeka Rodriguez v. Broc Shot, Inc.* | 25STCV12224 | 4/25/2025 | L.A. Superior Court |
| 65. | *Michael Gonzalez v. Yuni Beauty, LLC* | 25STCV12230 | 4/25/2025 | L.A. Superior Court |
| 66. | *Tanya Cantu v. Bensussen Deutsch & Associates, LLC* | 25STCV10842 | 4/14/2025 | L.A. Superior Court |
| 67. | *Miltita Casillas v. Zoe Media Group, LLC* | 25STCV10739 | 4/11/2025 | L.A. Superior Court |
| 68. | *Miguel Esparza v. Three Limes, Inc.* | 25STCV10860 | 4/11/2025 | L.A. Superior Court |
| 69. | *Miguel Esparza v. Motennas, LLC* | 25STCV10873 | 4/11/2025 | L.A. Superior Court |
| 70. | *Dominick Martin v. Timex.com, Inc.* | 25STCV10673 | 4/9/2025 | L.A. Superior Court |
| 71. | *Tanya Cantu v. K-Swiss Inc.* | 25STCV10276 | 4/7/2025 | L.A. Superior Court |
| 72. | *Jose Jesus Licea v. Onward Brands LLC* | 25STCV10161 | 4/7/2025 | L.A. Superior Court |
| 73. | *Jose Jesus Licea v. Harman International Industries, Incorporated* | 25STCV10323 | 4/7/2025 | L.A. Superior Court |
| 74. | *Drew Hunthausen v. Crocs Retail, LLC* | 25STCV09809 | 4/3/2025 | L.A. Superior Court |
| 75. | *Monica Sanchez v. Groupe SEP USA* | 25STCV09475 | 4/1/2025 | L.A. Superior Court |
| 76. | *Monica Sanchez v. Alpha OES LLC* | 25STCV09472 | 4/1/2025 | L.A. Superior Court |
| 77. | *Rebeka Rodriguez v. Elie Tahari New Jersey LLC* | 25STCV09450 | 4/1/2025 | L.A. Superior Court |