UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-04199-AH-(MAAx) | Date | November 20, 2025 |
| Title | Drew Hunthausen v. Crocs Retail, LLC | | |

Present: The Honorable  Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION TO CERTIFY ORDER FOR APPEAL (DKT. NO. 32)**

  Before the Court is Defendant Crocs Retail, LLC's ("Defendant") Motion to Certify Order Declining to Dismiss Case for Appellate Guidance, made pursuant to 28 U.S.C. § 1292(b) ("Motion" or "Mot"). Dkt. No. 32. Plaintiff Drew Hunthausen ("Plaintiff") filed an opposition ("Opposition"). Dkt. No. 33. Defendant filed a reply ("Reply"). Dkt. No. 36.[1] The Court heard oral argument on November 19, 2025. For the following reasons, the Court **DENIES** the Motion.

---

[1] Defendant also filed a Request for Judicial Notice asking the Court to take judicial notice of exhibits from *Valenzuela v. Thermos*, Case No. 25CU025187C (San Diego Cty. Super. Ct.), and *Clark v. InComm Fin. Servs.*, 5:22-cv-01839-JGB(SHKx), Dkt. No. 45-2 (C.D. Cal.). A court may judicially notice facts that are not subject to reasonable dispute because they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.

I.  **BACKGROUND**[2]

This matter arises out of allegations that Defendant advertised fictitious prices and corresponding phantom discounts on certain products it offered for sale to California consumers through its website.  FAC, Dkt. No. 12, ¶¶ 7-8.  Specifically, Plaintiff alleges that on January 11, 2025, Plaintiff purchased a product called the Busch Beer X Crocs Classic All Terrain Clog (the "Product") from Defendant's website for the allegedly discounted price of $36.00, which Defendant compared to a strike-through reference price of $80.00.  *Id.* ¶ 9.  Plaintiff alleges that the reference price was not the prevailing market price in the three-month period preceding the January 11, 2025 purchase date.  *Id.* ¶ 11.

On April 3, 2025, Plaintiff filed a complaint in the Los Angeles County Superior Court.  Dkt. No. 1-1.  Thereafter, on May 9, 2025, Defendant removed the case to this Court.  Dkt. No. 1.  On July 9, 2025, Plaintiff filed his FAC, alleging two causes of action:  (1) violation of California's False Advertising Law ("FAL") (Cal. Bus. & Prof. Code § 17500 *et seq.*); and (2) violation of the Consumer Legal Remedies Act ("CLRA") (Cal. Civil Code § 1750 *et seq.*).  *See generally* FAC.  Plaintiff filed this suit individually and on behalf of all others similarly situated.  *See generally id.*

Defendant moved to dismiss the FAC on July 23, 2025, arguing that the FAC lacked essential allegations for a non-exclusive product claim and that Plaintiff's CLRA claim should be dismissed for lack of proper pre-suit notice.  *See generally* Dkt. No. 15.  The Court issued an order (the "Order") denying Defendant's motion on September 5, 2025.  Dkt. No. 23.  On October 1, 2025, Defendant filed this

---

R. Evid. 201(b).  A court may "take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue."  *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  While a court "may consider documents properly subject to judicial notice, including the existence of court dockets and filings in related proceedings, . . . [the court] cannot take judicial notice of those documents for the truth of any matter asserted therein."  *See Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1101 (S.D. Cal. 2024).  The Court grants Defendant's request.

[2] The following facts, taken from the First Amended Complaint ("FAC"), are included for background and context.  The Court makes no finding as to these facts at this time.

Motion.  *See* Mot.  Plaintiff opposed.  Opp'n, Dkt. No. 33.  Defendant replied.  Reply, Dkt. No. 36.

## II.  LEGAL STANDARD

The final judgment rule generally mandates that "parties may appeal only from orders which end the litigation on the merits and leave nothing for the court to do but execute the judgment."  *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (citation modified); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981) (describing the federal courts' "basic policy of postponing appellate review until after the entry of a final judgment").  Under a "narrow exception to the final judgment rule embodied in 28 U.S.C. § 1292(b)," however, an interlocutory appeal may be permitted to allow for the immediate review of a non-dispositive order.  *Couch*, 611 F.3d at 633.  A district court may certify an order for interlocutory appeal if three conditions are met:  (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate conclusion of the litigation.  *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).  "As the text of § 1292(b) indicates, appellate jurisdiction applies to the *order* certified to the court of appeals, and is not tied to the particular question formulated by the district court."  *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).  The requirements of § 1292(b) are jurisdictional, and "all three § 1292(b) requirements [must be] met."  *Couch*, 611 F.3d at 633.  "[T]he party pursuing the interlocutory appeal bears the burden of so demonstrating."  *Id.*

## III.  DISCUSSION

According to Defendant, there are two issues for certification:  (1) what Rule 9(b) requires for pleading false reference pricing claims in non-exclusive product cases, and (2) whether the CLRA's pre-suit notice provision demands strict compliance.  Mot. at 1.  As discussed below, Defendant appears to submit additional sub-questions for certification on the CLRA issue.

### A.  Pleading Standard

#### 1.  <u>Controlling Question of Law</u>

"A controlling question of law must be one of law—not fact—and its resolution must 'materially affect the outcome of litigation in the district court.'" *ICTSI*, 22 F.4th at 1130 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026). "'[A] mixed question of law and fact,' by itself, is not appropriate for permissive interlocutory review." *Illinois Union Ins. Co. v. Intuitive Surgical, Inc.*, 2016 WL 5905935, *2 (N.D. Cal. Oct. 11, 2016) (alteration in original) (citing *Steering Comm. v. United States*, 6 F.3d 572, 575 (9th Cir. 1993)).

Defendant argues that what Rule 9(b) requires for pleading false reference pricing claims in non-exclusive product cases is a controlling question of law because "if Plaintiff's complaint, on its face, fails to plausibly plead a false or misleading price, the entire complaint fails." Mot. at 4. Plaintiff argues that in the Order, the Court applied the more demanding pleading standard Defendant requested from *Purcelley v. Ekster Inc.*, 2024 WL 2107710 (C.D. Cal. Apr. 4, 2024), declining to apply the less demanding standard articulated in *Knapp v. Art.com, Inc.*, 2016 WL 3268995 (N.D. Cal. June 15, 2016) and similar cases. Opp'n at 3-5. This, Plaintiff argues, would render moot a potential interlocutory ruling ordering application of the heightened pleading standard, because that standard was already applied. Defendant responds that Ninth Circuit guidance could still control this case because the Court incorrectly applied a heightened pleading standard to "allow[] a complaint to survive dismissal even when exhibits to the complaint contradict key allegations, including exhibits showing prices *higher* than the challenged reference price and documents that expressly identify only the 'lowest prices,' not the 'prevailing market price.'"[3] Reply at 3.

Defendant's argument fails. In its Order, the Court concluded that "[a]t this motion to dismiss stage, the Court does not weigh Plaintiff's evidence, including the data used to support the allegations in the FAC. The Court takes all well-

---

[3] The bases for this argument are that "Plaintiff's Exhibit 6 to the FAC indisputably shows that $64.97 was not the prevailing market price but instead was the 'lowest price' available for the Busch Light x Crocs All Terrain Clogs at issue"; that Exhibit 1 "also cit[es] 'lowest prices' during the referenced period, not prevailing or even average prices"; "Plaintiff's own allegations acknowledge that Crocs was offering the same shoe for $72 shortly after Plaintiff purchased his shoes, so the $80 strikethrough price was never materially misleading—certainly not to a reasonable consumer"; and that "Plaintiff appended to the FAC a third-party website printout showing that certain sizes were selling for as much as $230." Mot. at 6 (citing Exs. 1, 6, Dkt. No. 12-1).

pleaded allegations as true." Order at 6. In addition, the Court found that "construing all well-pleaded allegations of material fact in a light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that the prevailing retail price for the Product during the three months prior to Plaintiff's purchase was not the strike-through price allegedly advertised by Defendant." *Id.* The Court concluded that "Plaintiff's FAC contains 'allegations that a "reasonable investigation" of third-party sellers of similar or the same goods shows that the reference price is misleading.'" *Id.* at 6-7 (citing *Purcelley*, 2024 WL 2107710, at *5). Defendant's essential disagreement with the Order is not a question of law as to what pleading standard to apply, but rather with the Court not engaging in the type of scrutiny of the FAC's exhibits that Defendant requested regarding their interpretation. Instead, as courts do at the pleading stage, the Court accepted as true the FAC's allegations regarding the misleading reference price based on Plaintiff's "reasonable investigation" of third-party sellers. Without making any factual findings, and in drawing on "judicial experience and common sense," *Iqbal*, 556 U.S. at 679, the Court does not agree with Defendant's underlying premise that the FAC's exhibits flatly contradict Plaintiff's claims about the reference price. Mot. at 5. Defendant's citation to *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996-99 (9th Cir. 2014), is inapposite. There, the court disregarded the plaintiffs' allegation of an $11.1 million property valuation because the complaint offered *no* facts that would tend to show an increase in price was not the product of legitimate market forces, no facts to support the valuation alleged, and elsewhere alleged the properties were purchased for $20.3 million. *Id.* at 998-99. Here, Plaintiff puts forth exhibits containing third-party seller data to support the claims in the FAC that the prevailing market price of the Product was not $80. Though Defendant contends that these exhibits actually contain information undermining Plaintiff's claim, "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).[4] Defendant's preferred interpretation of the FAC and its exhibits (that the "lowest price," which is charted on a graph over time, can never show the prevailing market price, even when considered in conjunction with the other exhibits and the FAC's allegations) is not so convincing as to render Plaintiff's claim of a misleading reference price implausible. The FAC does more

---

[4] In any event, Defendant does not actually set forth an alternative explanation, except to point to one shoe selling for $230. Defendant simply challenges whether a description of the "lowest price" can mean the "market price."

than "support—at best—a 'possible' basis" for its claims. *Eclectic*, 751 F.3d at 999 n.8. It states a plausible one.

      Defendant's disagreement does not create the controlling question of law required for the Court to certify the issue for appeal.[5] And because Defendant's failure to establish any one of the Section 1292(b) requirements is dispositive, the Court need not reach the final requirement in its analysis of the pleading standard question. Accordingly, the Court DENIES Defendant's Motion as to the pleading standard question.

      **B.    CLRA Notice Requirement**

          **1.    <u>Controlling Question of Law</u>**

      "[T]he Ninth Circuit has found 'novel question[s] of statutory interpretation' to be particularly appropriate occasions for certification." *Burton v. Prudential Ins. Co. of Am.*, 2014 WL 10537434, at *2 (C.D. Cal. Sept. 12, 2014) (quoting *Joffe v. Google, Inc.*, 746 F.3d 920, 924 (9th Cir. 2013)). "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983).

      Defendant argues that whether the CLRA's pre-suit notice provision demands strict compliance is a controlling question of law because "[h]olding Plaintiff to a strict compliance standard for the CLRA pre-suit notice would result in that claim being dismissed with prejudice." Mot. at 4. In fact, Defendant appears to submit not one, but three CLRA-related questions for certification: (1) whether a lack of strict compliance with the CLRA notice provision requires dismissal; (2) whether such dismissal should be with or without prejudice; and (3)

---

[5] As best as the Court can tell, Defendant's dispute is about the Court's *application* of the pleading standard. Even if Defendant requests that the Court certify such a question relating to how to interpret third-party seller data for purposes of determining the sufficiency of pleading a misleading reference price, it provides no authority establishing a substantial ground for difference of opinion. Indeed, Defendant's argument here is that the Court erred in not applying settled Ninth Circuit law on assessing the sufficiency of a pleading. *See* Mot. at 5-6.

whether willful violations of the CLRA notice provision require dismissal with prejudice. Mot. at 7-8. Plaintiff makes several arguments in opposition.

On the first question, Plaintiff argues that Defendant actually "advocated a substantial compliance legal standard," and that this question constitutes an issue of fact because it requires analysis "under circumstances of this case." Opp'n at 6-7. However, Defendant's request that Plaintiff's demand letter be sent to its out-of-state principal place of business does not foreclose its position that strict compliance is required, and determining whether a lack of strict compliance requires dismissal would not necessarily require the Ninth Circuit to undergo analysis "under the circumstances of this case." *ICTSI*, 22 F.4th at 1132. Because a required dismissal of the CLRA claim or its damages claim for lack of proper notice would materially affect the outcome of the litigation, the Court proceeds to the next prong of the inquiry for this question.[6]

On the second question, Plaintiff argues that "the four corners of the Order make no reference at all to whether a defective CLRA notice should be dismissed with prejudice or without prejudice." Opp'n at 7 (citing *ICTSI*, 22 F.4th at 1132 ("[W]e have jurisdiction over *any* question within *the four corners of the certified order*—not just the identified controlling question." (first emphasis in original; second emphasis added))). In reply, Defendant notes that the Ninth Circuit has interlocutory jurisdiction over any question "material to the certified order." Reply at 5 (citing *ICTSI*, 22 F.4th at 1132-33). In its Order, the Court in essence dismissed without prejudice by considering an amended complaint alleging compliance with the notice requirement of the CLRA based on counsel's mailing of a draft of the Complaint more than thirty days prior to the filing of the action, and by concluding that further amendment would be unnecessary. Order at 7-8. Accordingly, the Court agrees with Defendant that the question of whether such dismissals should be with or without prejudice was material to the Order. Because this question was material to the Order and would materially affect the outcome of the litigation, it is a controlling question of law.

---

[6] However, the Court has serious doubts as to whether this is a pure question of law, rather than the type of mixed question of fact and law that is unfit for interlocutory review. *See Steering Comm.*, 6 F.3d at 575. Discerning whether "strict" compliance has been achieved can be a fact-specific determination. In any case, the Court largely addresses this issue in the context of whether there are substantial grounds for difference of opinion.

On the third question, Plaintiff argues that the Court's order did not address the issue of willfulness, and therefore it is not a controlling issue of law. However, Defendant expressly argued that Plaintiff's intentional conduct was a basis to dismiss with prejudice. *See, e.g.*, Mot. at 8; Reply at 10. Because this question would materially affect the outcome of the litigation, the Court proceeds to the next prong of the inquiry for this question.[7]

Accordingly, the Court finds that all three sub-questions of this proposed issue for certification involve controlling questions of law.

### 2. Substantial Grounds for Difference of Opinion[8]

A substantial ground for a difference of opinion exists when "novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The prong is satisfied if "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633. "However, 'just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" *Id*. (citation omitted). "'[A] party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.' That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id*. (citations omitted).

---

[7] However, this, too, appears to be a mixed question of fact and law. Nonetheless, the Court proceeds to address this issue in the context of a substantial grounds for difference of opinion. Plaintiff also presents an argument regarding Defendant's challenge to the method of delivery. Opp'n at 8. Because Defendant does not ultimately submit a question for certification on this point, *see* Mot. at 10-11, the Court does not address it.

[8] In arguing the "substantial grounds" prong for this question, Plaintiff included a multi-page string citation of cases citing to *Morgan v. AT&T Wireless Services, Inc.*, 177 Cal. App. 4th 1235 (2009). Opp'n at 14-18. The Court reminds Plaintiff that he "should not use string cites without good reason." Standing Order, Dkt. No. 8, § F.3.b.

The Court acknowledged in its Order that "there is a split in authority on whether the CLRA requires strict compliance with its notice provision." *Janda v. T-Mobile USA, Inc.*, 378 F.App'x 705, 708-09 (9th Cir. May 10, 2010) (citation omitted). However, the Court does not find there are substantial grounds for difference in opinion regarding whether the noncompliance alleged here did not "strictly comply" with the notice provision such that the claim should be dismissed with prejudice. Because the Court construed Plaintiff's notice as including the emailed Complaint draft—which undisputedly included the "particulars" Defendant argued were missing from the notice letter, Dkt. No. 15 at 6-7, and was sent more than 30 days prior to its filing with a request for remediation—the only alleged deficiencies in Plaintiff's notice was that it was sent to the wrong address and it did not include Plaintiff's name. But even the cases Defendant cites supporting dismissal where notice was sent to the wrong address were dismissed without prejudice.[9] *See Oh v. Catalina Snacks*, Inc., 764 F. Supp. 3d 903, 923 (C.D. Cal. 2025); *Corbett v. PharmaCare U.S., Inc.*, 567 F. Supp. 3d 1172, 1201 (S.D. Cal. 2021). And Defendant does not point to any case where a Plaintiff's failure to include their name in the notice warranted dismissal of a CLRA damages claim with prejudice.[10]

As such, the Court finds that there are not substantial grounds for a difference of opinion on this question. And because Defendant's failure to establish any one of the Section 1292(b) requirements is dispositive, the Court need not reach the final requirement in its analysis of the CLRA notice requirement question.

Accordingly, the Court DENIES Defendant's Motion as to the CLRA notice requirement question.

---

[9] In the briefing for the original motion to dismiss, Defendant did not address the "wrong address" for the mailing of the draft Complaint, only the address for the mailing of the demand, and the email including the draft Complaint was sent to counsel for Defendant, then a represented party.

[10] In its reply brief to the original motion to dismiss, Defendant did not address Plaintiff's argument that Cal. Civ. Code § 1782 does not expressly require the notice to state the name of a class plaintiff, but instead faulted Plaintiff for not identifying a case which held the CLRA notice was adequate. Reply at 10. But Defendant did not, and does not here, cite to a case finding such notice to be inadequate to warrant dismissal with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**