Alex Terepka (SBN 288243)
alex@wtlaw.com
Trishanda Treadwell (*pro hac vice*)
ttreadwell@wtlaw.com
**WATSTEIN TEREPKA LLP**
515 South Flower Street, 19th Floor
Los Angeles, California 90071
Telephone: (213) 839-3317

*Counsel for Crocs Retail, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DREW HUNTHAUSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CROCS RETAIL, LLC, a COLORADO entity, d/b/a WWW.CROCS.COM,<br><br>Defendant. | Case No: 2:25-cv-4199-AH<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: Wednesday, January 14, 2026<br>Time: 1:30 pm<br>Department: 9th Floor, Courtroom 9C<br>Judge: Honorable Anne Hwang |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 14, 2026 at 1:30 PM PST in Courtroom 9C, 350 W. 1st Street, Los Angeles, California 90012, or as soon thereafter as the Court will order, Defendant Crocs Retail, LLC ("Crocs") will move this Court for an order, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings.

This Motion is based upon this Notice, the following Memorandum of Points and Authorities, the complete file and record in this action, the contemporaneously filed Request for Judicial Notice and its exhibits, and such further and other matters as the Court may allow.

Recognizing the Court has recently ruled on Defendant's Motion to Dismiss, Motion for Reconsideration of the Order Denying Defendant's Motion to Dismiss, and Defendant's Motion to Certify that Order for Interlocutory Appeal, Defendant notes that this issue was not really ripe for Defendant to raise until it saw Judge Hsu's decision in *Casillas v. Rocky Brands, Inc.*, 2025 WL 3227271 (C.D. Cal. Nov. 18, 2025). That final decision came out the day after the hearing on Defendant's interlocutory appeal motion. In an effort to avoid yet another motion, Defendant asks that, if the Court denies this motion for judgment on the pleadings that it immediately certify the issue for interlocutory appeal because it would present a very unique circumstance of opposing decisions on the exact same language by the exact same plaintiff's counsel in a very similar case.

Under Civil Local Rule 7-3, this Motion is made following the conference of counsel pursuant to the Court's civil local rules. The parties' conference took place on December 4, 2025, in which the parties thoroughly discussed the substance and potential resolution of the filed motion by teleconference. Plaintiff's counsel indicated Plaintiff opposes the motion.

| | |
|---|---|
| DATED: December 11, 2025 | By: /s/ Alex Terepka<br>Alex Terepka (SBN 288243)<br>alex@wtlaw.com<br>**WATSTEIN TEREPKA LLP**<br>515 South Flower Street, 19th Floor<br>Los Angeles, California 90071<br>Telephone: (213) 839-3317<br><br>*Attorney for Crocs Retail, LLC* |

**Table of Contents**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 2

III. LEGAL STANDARD: MOTION FOR JUDGMENT ON THE PLEADINGS ................................................................................................... 4

IV. ARGUMENT ...................................................................................................... 5

    A. Plaintiff's Allegation of His Counsel's Routine Pre-Purchase Monitoring of Defendant's Website Precludes Any Reliance on Alleged Pricing Misrepresentations. ............................... 5

        1. The Complaint Admits Plaintiff Knew About the Historical Prices that Allegedly Made the Reference Price Misleading. .... 6

        2. Under Ninth Circuit and California Law, Counsel's Pre-Purchase Knowledge Is Imputed to Plaintiff. ...................... 6

        3. Because Plaintiff Knew the Product's Historical Pricing Before Purchasing, He Cannot Establish Actual Reliance, and His FAL and CLRA Claims Must Fail. .............. 7

        4. Plaintiff Deleted This Admission in His First Amended Complaint, but That Doesn't Erase It. ........................ 9

    B. This District Has Already Rejected a Similar Complaint—Involving the Same Counsel and Same Admission in Paragraph 12. ................................................... 10

V. CONCLUSION ................................................................................................. 11

## Table of Authorities

**Cases**

*Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*,
  744 F.3d 595 (9th Cir. 2014) ................................................................... 1, 4, 6, 9

*Azadpour v. Sun Microsystems,*
  2007 WL 2141079 (N.D. Cal. July 23, 2007) ..................................................... 10

*Buckland v. Threshold Enters., Ltd.*,
  155 Cal. App. 4th 798 (2007) ............................................................................... 8

*Carroll v. Dungey*,
  223 Cal. App. 2d 247 (1963) ...................................................................... 5, 8, 9

*Casillas v. Rocky Brands, Inc.*,
  2025 WL 2377112 (C.D. Cal. July 14, 2025) ....................................................... 3

*Casillas v. Rocky Brands, Inc.*,
  2025 WL 3227271 (C.D. Cal. Nov. 18, 2025) ............................................... passim

*Cmty. Dental Servs. v. Tani*,
  282 F.3d 1164 (9th Cir. 2002) .............................................................................. 6

*Cohen v. DIRECTV, Inc.*,
  178 Cal. App. 4th 966 (2009) ............................................................................... 5

*Costa v. Rd. Runner Sports, Inc.*,
  84 Cal. App. 5th 224 (2022) ................................................................................. 7

*Crosby v. Wells Fargo Bank, N.A.*,
  42 F. Supp. 3d 1343 (C.D. Cal. 2014) .................................................................. 4

*Deveny v. Entropin, Inc.*,
  139 Cal. App. 4th 408 (2006) ............................................................................... 6

*Dworkin v. Hustler Magazine*,
  867 F.2d 1188 (9th Cir. 1989) .............................................................................. 4

*Freeman v. AG Opportunity Zone Fund Prop. Owner, LLC*,
  2025 WL 1344813 (C.D. Cal. May 8, 2025) ........................................................ 9

*Freeman v. AG Opportunity Zone Fund Prop. Owner, LLC*,
  2025 WL 1349329 (C.D. Cal. Mar. 31, 2025) ............................................................. 9

*Gratz v. Schuler*,
  25 Cal. App. 117 (1914) ..................................................................................... 5, 8

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,
  896 F.2d 1542 (9th Cir. 1989) ................................................................................ 4

*Heliotrope Gen., Inc. v. Ford Motor Co.*,
  189 F.3d 971 (9th Cir. 1999) .................................................................................. 4

*Howard v. County of Kern*,
  2025 WL 708641 (E.D. Cal. Mar. 5, 2025) ............................................................ 9

*Jue v. Smiser*,
  23 Cal. App. 4th 312 (1994) ................................................................................... 9

*Kahn v. Lischner*,
  128 Cal. App. 2d 480 (1954) .................................................................................. 9

*Key v. Qualcomm*,
  129 F.4th 1129 (9th Cir. 2025) ........................................................................... 5, 7

*Kwikset Corp. v. Super. Ct.*,
  51 Cal. 4th 310, (2011) ................................................................................. 1, 5, 8

*Reddy v. Litton Indus.*,
  912 F.2d 291 (9th Cir. 1990) ................................................................................ 10

*Ringgold Corp. v. Worrall*,
  880 F.2d 1138 (9th Cir. 1989) ................................................................................ 6

*Roche v. Hyde*, 51 Cal. App. 5th 757 (2020) ................................................................ 6

*Stathakos v. Columbia Sportswear Co.*,
  2017 WL 1957063 (N.D. Cal. May 11, 2017) ........................................................ 7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ................................................................................................ 4

*Williams v. Yamaha Motor Corp.*,
  106 F. Supp. 3d 1101 (C.D. Cal. 2015) ................................................................ 10

*Williams v. Yamaha Motor Corp.*,
   851 F.3d 1015 (9th Cir. 2017) ................................................................... 10

*Wong v. Flynn-Kerper*,
   2019 WL 4187375 (C.D. Cal. May 16, 2019) ........................................... 10

**Rules**

Fed. R. Civ. P. 12 ................................................................................................ 4

**Other Authorities**

Restatement (Second) of Torts §541 .................................................................. 9

Restatement (Second) of Torts §548 .................................................................. 9

Restatement (Third) Of Agency § 5.03 (2006) .................................................. 6

## MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff's First Amended Complaint ("FAC") fails as a matter of law because it deliberately omits a dispositive factual allegation already alleged in his original Complaint—namely, that Plaintiff's counsel had "routinely monitored" the Product's pricing on Crocs's website during the months preceding his purchase. ECF No. 1-1, ¶ 12. That allegation is a binding admission of pre-purchase knowledge of the supposed falsity—an admission that defeats Plaintiff's fraud-based claims under California's FAL and the CLRA. This District held exactly that in a case involving another of the same Plaintiff counsel's copy-paste complaints. *Casillas v. Rocky Brands, Inc.*, 2025 WL 3227271, at *3 (C.D. Cal. Nov. 18, 2025) (dismissing with prejudice identical complaint on motion for judgment on the pleadings) (*"Casillas II"*).

Reliance is the cornerstone of Plaintiff's claims under the FAL and CLRA. That means a plaintiff who has knowledge that a representation is false cannot plausibly allege he relied on that representation. *See Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 326–27 (2011) (holding a plaintiff must demonstrate actual reliance on allegedly deceptive or misleading statements); G*ratz v. Schuler*, 25 Cal. App. 117, 121 (1914). The Restatement (Second) of Torts § 541 likewise provides that a plaintiff is not justified in relying on a representation she knows to be false. And the sham-pleading doctrine does not permit a litigant to delete a fatal admission to avoid dismissal. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014). Because Plaintiff admitted he knew the reference price was not genuine before buying the Product, reliance is legally impossible.

*Casillas v. Rocky Brands* is a materially identical reference-pricing case filed by the same counsel, in the same district, asserting the same theories. No. 2:25-cv-03575-WLH-SSC (C.D. Cal., Hsu, J.), Orig. Compl., RJN, Ex. 1. There, as here, the

plaintiff made the same allegation—verbatim—in the same paragraph of the original complaint, Paragraph 12. Based on that allegation, the court held that counsel's pre-purchase knowledge of the historical pricing on a pair of boots is imputed to the plaintiff and fatal to reliance. *Casillas II*, at *3.

The same defect exists here. Plaintiff's binding admission of pre-purchase knowledge cannot be reconciled with any plausible allegation of reliance. Judgment on the pleadings is therefore required. The Court should therefore dismiss the case with prejudice, as this District just did in *Casillas v. Rocky Brands*.

## II.  BACKGROUND

In May 2024, Defendant Crocs launched a new collaboration product, Busch Light All-Terrain Clogs that included a rolled-up koozie and a bottle opener (the "Product"). Plaintiff alleges that he purchased the Product from crocs.com for $36, as compared to the $80 price. ECF 12 ¶ 9. Plaintiff first filed his complaint in California state court and asserted two state-law claims in a since-removed putative class action—a False Advertising Law (FAL) claim and a Consumer Legal Remedies Act (CLRA) claim. ECF 1-1 ¶¶ 32–48. The gist of his claims is that Crocs tricked him into buying the Product because he had no idea that the reference price ($80) had not been the "prevailing market price" in the last 90 days, and he relied on that price to believe he was getting a good deal. *See generally* ECF 12.

Plaintiff alleged he bought the Busch Beer All Terrain Clogs on January 11, 2025. ECF 1-1 ¶ 8. He also claimed that more than 90 days before that, Crocs was "offering the exact same Product" for a similar discount on October 5, 2024. *Id.* ¶ 10. Crucially, in Paragraph 12, Plaintiff alleged as follows:

> 12. Plaintiff's counsel routinely monitored the Product's sales price on Defendant's Website in the period **between the two dates referenced in the preceding paragraphs [between October 5, 2024 and January 11, 2025]**, and has confirmed that the Product purchased by Plaintiff was not offered for sale on Defendant's Website primarily at the reference price during that period, such that the reference price was not the "prevailing price" for the Product during the period.

ECF 1-1 at ¶ 12. In other words, Plaintiff conceded that his own counsel "monitored the Product's sales price" *before he purchased it in January 2025*, so they knew "the reference price was" allegedly "not the 'prevailing price' for the Product during the period." *Id.* Plaintiff decided to purchase it anyway, and he could not have been somehow "deceived" by a reference price his counsel had "monitored." *Id.*

Plaintiff then filed his First Amended Complaint on July 9, 2025. ECF 12. The new version deleted the Paragraph 12 admission that Plaintiff's counsel "routinely monitored" the price on Defendant's Website for at least 90 days before the purchase. *See* ECF 12 ¶¶ 10–13.

In *Casillas v. Rocky Brands, Inc.*, the original complaint included the same paragraph as the original complaint in this case—verbatim—in the same Paragraph 12 admitting that counsel "routinely monitored" pre-purchase prices:

> 12. Plaintiff's counsel routinely monitored the Product's sales price on Defendant's Website in the period between the two dates referenced in the preceding paragraphs, and has confirmed that the Product purchased by Plaintiff was not offered for sale on Defendant's Website primarily at the reference price during that period, such that the reference price was not the "prevailing price" for the Product during the period.

*Casillas* Compl., Ex. 1 (filed Mar. 21, 2025, removed Apr. 23, 2025); *see also* Def.'s Mot. for Judgment on the Pleadings, *Casillas v. Rocky Brands, Inc.*, 2025 WL 2463473 (C.D. Cal. June 5, 2025). Judge Hsu dismissed the original complaint (on other grounds[1]) but warned Plaintiff to address the allegation that counsel had routinely monitored pricing before the purchase. 2025 WL 2377112, at *3 n.2 (C.D. Cal. July 14, 2025) ("*Casillas I*").

---

[1] In his order granting defendant's initial motion for judgment on the pleadings, Judge Hsu held: "Plaintiff failed to allege specific facts to support her general allegation that the reference price listed at the time of plaintiff's purchase was not the prevailing market price." *Casillas I*, at *3. The court also refused to take judicial notice of the "truth" of the allegations from the archived website pages that Casillas identified in her complaint—"rather than the mere existence of the webpage." *Id.*

| | |
|---|---|
| 1 | Casillas's amended complaint, like the FAC here, dropped the "routinely |
| 2 | monitored" allegation entirely. *Cf.* ECF 12 *with* First Am. Compl., *Casillas v. Rocky* |
| 3 | *Brands*, No. 2:25-cv-03575-WLH-SSC (C.D. Cal., Hsu, J), RJN Ex. 2. But Judge |
| 4 | Hsu was rightfully unconvinced, quoting *Airs Aromatics*, 744 F.3d at 600, in |
| 5 | dismissing the action with prejudice because "a plaintiff 'cannot amend pleadings to |
| 6 | directly contradict an earlier assertion made in the same proceeding.' *Casillas II*, at |
| 7 | *3. |
| 8 | Considering Plaintiff's Original Complaint and the FAC contain the identical, |
| 9 | incurable defect faced in *Casillas*, this Court, too, should dismiss with prejudice |
| 10 | Plaintiff's FAC. |

### III. LEGAL STANDARD: MOTION FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion. *Dworkin v. Hustler Magazine*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court may consider (1) the complaint, (2) documents incorporated by reference, and (3) matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Crosby v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1343, 1345 (C.D. Cal. 2014) (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999)). Judgment on the pleadings is proper where the pleadings themselves show that no material issue of fact exists and the movant is entitled to judgment as a matter of law. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

## IV. ARGUMENT

### A. Plaintiff's Allegation of His Counsel's Routine Pre-Purchase Monitoring of Defendant's Website Precludes Any Reliance on Alleged Pricing Misrepresentations.

Plaintiff's allegation of his counsel's pre-purchase monitoring of Defendant's website makes a finding of reliance impossible as a matter of law.

Reliance is an indispensable element of Plaintiff's California FAL and CLRA claims. *Key v. Qualcomm*, 129 F.4th 1129, 1141 (9th Cir. 2025) (holding, in Uniform Competition Law claim, plaintiff must allege that he acted based on truth or falsity of defendant's statement, not mere because it was made). A plaintiff must plausibly allege that he actually believed the challenged reference price was true and relied upon it in making his purchase. *Kwikset Corp. v. Super. Ct.*, 51 Cal.4th 310, 326–27 (2011) ("reliance is the causal mechanism of fraud" and actual reliance is required to have standing to sue under the FAL); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) (requiring actual reliance under the CLRA); *see also Gratz v. Schuler*, 25 Cal. App. 117, 121–22 (1914) ("the law does not undertake the care of persons who, with notice of a fraud and the means of prevention at hand, will not take care of themselves"). But reliance cannot be established if an independent investigation undertaken before a contract is struck reveals the "true facts." *Carroll v. Dungey*, 223 Cal. App. 2d 247, 254 (1963).

Plaintiff cannot establish justifiable reliance because his own prior pleading admits pre-purchase knowledge of the alleged falsity, and, under long-standing agency doctrine, his attorney's pre-purchase knowledge is imputed to him as a matter of law.

### 1. The Complaint Admits Plaintiff Knew About the Historical Prices that Allegedly Made the Reference Price Misleading.

Plaintiff's original state-court Complaint alleges that "Plaintiff's counsel routinely monitored the Product's sales price on Defendant's Website" during the 90 days prior to Plaintiff's purchase. ECF 1-1 at ¶¶ 10, 12.

This allegation is unequivocal: leading up to Plaintiff's purchase, Plaintiff's counsel monitored the pricing—on Crocs's website—and confirmed the reference price was not the prevailing price during that period. ECF 1-1 at ¶ 12. Plaintiff cannot erase, excuse, or contradict this binding admission by simply omitting it from the FAC, which is what he did here. *See Airs Aromatics*, 744 F.3d at 600 (denying leave to amend because Airs already admitted case-determinative fact and could not contradict it in amended complaint); *Deveny v. Entropin, Inc.*, 139 Cal. App. 4th 408, 425–26 (2006) ("Allegations in the original pleading that rendered it vulnerable to demurrer or other attack cannot simply be omitted without explanation in the amended pleading."). As Judge Hsu put it, Plaintiff "cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Casillas II*, 2025 WL 3227271, at *3 (quoting *Airs Aromatics*, 744 F.3d at 600).

### 2. Under Ninth Circuit and California Law, Counsel's Pre-Purchase Knowledge Is Imputed to Plaintiff.

Plaintiff cannot disclaim his counsel's knowledge. In the Ninth Circuit, "[c]lients are 'considered to have notice of all facts known to their lawyer-agent.'" *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (quoting *Ringgold Corp. v. Worrall,* 880 F.2d 1138, 1141–42 (9th Cir. 1989)); *Roche v. Hyde*, 51 Cal. App. 5th 757, 798 (2020), *as modified on denial of reh'g* (July 29, 2020) (conducting extensive analysis and holding, under California law, knowledge of counsel may be imputed to their client); *see also* Restatement (Third) Of Agency § 5.03 (2006) ("notice of a fact that an agent knows or has reason to know is imputed to the

principal if knowledge of the fact is material to the agent's duties to the principal"); *cf. Costa v. Rd. Runner Sports, Inc.*, 84 Cal. App. 5th 224, 235 (2022) ("an attorney's knowledge is not imputed to a client *before* the formation of the attorney-client relationship" (emphasis added)).

Here, by his own admission, Plaintiff's counsel undertook pre-purchase price monitoring before filing suit. ECF 1-1 ¶ 12. The Original Complaint itself confirms this was routine, ongoing work. Furthermore, unlike in *Costa*, 84 Cal. App. 5th at 235, here, Plaintiff and his counsel had a pre-existing attorney-client relationship at the time of this monitoring.[2] In fact, Plaintiff's counsel has been representing Drew Hunthausen since at least 2022. *See* RJN, Ex. 3 (attaching public record docket and list of matters establishing extensive, long-standing attorney-client relationship).

Thus, even if Plaintiff now claims he personally lacked knowledge, the law treats him as having known the reference price was false or misleading before he made the purchase.

### 3. Because Plaintiff Knew the Product's Historical Pricing Before Purchasing, He Cannot Establish Actual Reliance, and His FAL and CLRA Claims Must Fail.

Plaintiff's FAL and CLRA claims require that he establish actual reliance on the relevant false or misleading advertisement or statement—here, that the Product's stricken-through reference price ($80) on Crocs's website was not "fake" and the listed price ($36) was "discounted." ECF 12 ¶ 8. A plaintiff must plausibly allege that he actually believed the challenged reference price was true and relied on it in making his purchase. *Key*, 129 F.4th at 1141; *Stathakos v. Columbia Sportswear Co.*, 2017 WL 1957063, at *8–9 (N.D. Cal. May 11, 2017) (finding plaintiffs could not satisfy actual reliance where they purchased items knowing that defendant may

---

[2] As discussed in Section III *infra*, Casillas and Plaintiff's counsel similarly have a long-standing history of legal representation. *See* 2025 WL 2463473 at *8 n.1 (C.D. Cal. June 5, 2025).

have made false or materially incomplete representations about its product); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326–27 (2011) (finding, in a case based on a fraud theory involving false advertising and misrepresentation to consumers, plaintiffs must demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the element of reliance in ordinary fraud actions); *Buckland v. Threshold Enters., Ltd.*, 155 Cal. App. 4th 798, 807–10 (2007), as modified (Oct. 22, 2007), *disapproved on other grounds by Kwikset*, 51 Cal. 4th 310, 246 P.3d 877 (2011); *Cohen v. DIRECTV, Inc.*, 178 Cal. App. 4th 966, 973 (2009) (requiring actual reliance under the CLRA); *see also Gratz v. Schuler*, 25 Cal. App. 117, 121–22 (1914) ("the law does not undertake the care of persons who, with notice of a fraud and the means of prevention at hand, will not take care of themselves").

But reliance cannot be established if an independent investigation undertaken before a contract is struck reveals the "true facts." *Carroll v. Dungey*, 223 Cal. App. 2d 247, 254 (1963).

Here, Plaintiff alleges that "Defendant's advertising of the Product was a material factor in [his] decision to purchase [it]"; that "[b]ased on Defendant's advertising," "Plaintiff reasonably believed that the reference price . . . was genuine"; and "[h]ad Plaintiff known the truth . . . [he] would not have purchased the Product." ECF 12 ¶ 67; ECF 1-1 ¶ 45.[3]

But California authority is uniform on this point: A plaintiff who investigates a representation and discovers its falsity prior to a transaction "will not be heard to say that he was deceived by [it]." *Gratz v. Schuler*, 25 Cal. App. 117, 121 (1914);

---

[3] Plaintiff's allegations regarding his or his counsel's use of the Internet Archive's website and its "Wayback Machine" and any other research they completed *after* the purchase have no bearing on Plaintiff's allegation in Paragraph 12 of counsel's *pre-purchase* monitoring of Crocs's website. "Those monitoring activities occurred at distinct moments in time—once before Plaintiff's purchase and once after." *Casillas II*, at *2.

*Kahn v. Lischner*, 128 Cal. App. 2d 480, 489–90 (1954) (plaintiff charged with knowledge of facts revealed in investigation and cannot claim reliance); *Jue v. Smiser*, 23 Cal. App. 4th 312, 317 (1994) (citing *Carroll*, 223 Cal. App. 2d at 254 for same proposition). Section 541 of the Restatement (Second) of Torts confirms: "A plaintiff is not justified in relying on a representation if she knows that it is false." As does Section 548: "The maker of a fraudulent misrepresentation is not liable to one who does not rely upon its truth but upon the expectation that the maker will be held liable in damages for its falsity." Restatement (Second) of Torts §§541, 548.

Applying these standards, Plaintiff's own allegations foreclose reliance: he (through counsel) knew before purchase the very facts he now claims were hidden from him.

### 4. Plaintiff Deleted This Admission in His First Amended Complaint, but That Doesn't Erase It.

Plaintiff filed his First Amended Complaint on July 9, 2025, and removed the prior paragraph 12 language about his counsel "routinely monitor[ing] Defendant's Website." This removal does not cure the defect. The Ninth Circuit prohibits plaintiffs from amending a complaint to "directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014); *Freeman v. AG Opportunity Zone Fund Prop. Owner, LLC*, 2025 WL 1349329, at *5 (C.D. Cal. Mar. 31, 2025), *rpt. & rec. approved*, 2025 WL 1344813 (C.D. Cal. May 8, 2025) (noting plaintiff could not cure deficiencies in claims against certain defendants after plaintiff "expressly" denied "these defendants caused him any harm").

This doctrine applies with full force where, as here, the plaintiff removes an admission that it has reason to believe will be fatal to reliance. *See Howard v. County of Kern*, 2025 WL 708641, at *5 & n.5 (E.D. Cal. Mar. 5, 2025) (finding earlier allegations undermined plaintiff's assertion in amended complaint, and noting that

"where factual allegations in an amended complaint are inconsistent with facts alleged in a prior complaint, a court need not accept the new allegations as true"); *see also Williams v. Yamaha Motor Corp.*, 106 F. Supp. 3d 1101, 1116 (C.D. Cal. 2015), *aff'd* 851 F.3d 1015 (9th Cir. 2017) ("the Rule 12(b)(6) standard does not permit Plaintiffs to contradict allegations made in a prior complaint") (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296–97 (9th Cir. 1990) ("Although leave to amend should be liberally granted, the amended complaint may only allege other facts consistent with the challenged pleading.") (internal quotation marks omitted), and *Azadpour v. Sun Microsystems,* 2007 WL 2141079, at *2 (N.D. Cal. July 23, 2007) ("Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as false and sham." (internal quotation marks omitted))).

Plaintiff removed paragraph 12 entirely from her First Amended Complaint. Nothing in the FAC addresses, explains, or reconciles the prior admission of pre-purchase knowledge. This is the very definition of a sham amendment. *See Wong v. Flynn-Kerper*, 2019 WL 4187375, at *4 (C.D. Cal. May 16, 2019) ("A plaintiff may not omit harmful allegations without explanation.").

**B.  This District Has Already Rejected a Similar Complaint—Involving the Same Counsel and Same Admission in Paragraph 12.**

This is not the first time Plaintiff's counsel's admission of "routine monitoring" has resulted in dismissal with prejudice. In *Casillas v. Rocky Brands, Inc.*—a materially identical reference pricing case—Judge Hsu addressed this same issue, *with the same counsel*, *with the same paragraph 12*, presenting the same legal theory, using the same tactic: alleging in the original complaint that counsel "routinely monitored" pre-purchase pricing, then deleting that admission from the amended complaint.

Judge Hsu held that the original allegation must be credited and that "Plaintiff's counsel—and by extension, Plaintiff—[knew] the alleged

10

misrepresentation was false prior to Plaintiff purchase." *Casillas II*, at *3. He further held: "Plaintiff cannot plausibly claim that she was motivated to purchase the product based on the falsity of defendant's statement if she knew it was false in the first place." *Id.* Judge Hsu also held that the plaintiff could not evade dismissal by deleting the "routine monitoring" of pre-purchase pricing allegation in her amended complaint and concluded: "That is fatal for Plaintiff's showing of actual reliance, as required by California's FAL and CLRA, and therefore fatal for her claims." *Id.* The same result should follow here. Plaintiff's "routine monitoring" allegation is indistinguishable here from the allegation in *Casillas v. Rocky Brands*—and reflects the same pre-purchase knowledge and incurable defect.

## V. CONCLUSION

Because Plaintiff is identically situated and cannot amend around her own prior admission, dismissal is a legal inevitability—not a factual dispute. As Judge Hsu held in *Casillas v. Rocky Brands*, judgment on the pleadings should be granted and the FAC dismissed with prejudice.

In the event the Court disagrees with Defendants on the merits of this motion, Defendants respectfully suggest—solely for the Court's consideration—that the issue presented may satisfy the standard for interlocutory appeal. Given that another federal district court recently reached a contrary interpretation of the verbatim allegation at issue by the same plaintiff's counsel, an immediate grant of interlocutory review might materially advance the termination of the litigation and avoid the possibility of inconsistent rulings. Defendants offer this suggestion only out of respect for the Court's role in managing the case and with full deference to its discretion.

| | | |
|---|---|---|
| 1 | DATED: December 11, 2025 | By: */s/ Alex Terepka* |
| 2 | | Alex Terepka (SBN 288243) |
| | | alex@wtlaw.com |
| 3 | | **WATSTEIN TEREPKA LLP** |
| 4 | | 515 South Flower Street, 19th Floor |
| | | Los Angeles, California 90071 |
| 5 | | Telephone: (213) 839-3317 |
| 6 | | |
| 7 | | Trishanda L. Treadwell |
| | | Georgia Bar No. 356896 |
| 8 | | ttreadwell@wtlaw.com |
| | | Admitted *pro hac vice* |
| 9 | | 75 14th Street NE; Suite 2600 |
| 10 | | Atlanta, GA 30308 |
| | | T: (404) 905-6400 |
| 11 | | |
| 12 | | *Counsel for Crocs Retail, LLC* |

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for Defendant Crocs Retail, LLC, certifies that the memorandum of points and authorities in this reply does not exceed 25 pages in compliance with the Court's Standing Order Section F.3.

I hereby certify that on December 4, 2025, the parties met by teleconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

DATED: December 11, 2025              */s/ Alex Terepka*
                                      Alex Terepka

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2025, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                      */s/ Alex Terepka*
                                      Alex Terepka